## A94A2396. WREASE v. THE STATE.
(448 SE2d 911)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Patrick Antonio Wrease, was found guilty on December 7, 1993, of one count of selling cocaine on October 18, 1992, in violation of the Georgia Controlled Substances Act, and was sentenced to life in prison. At that time, he was acquitted of one count of selling cocaine on October 12, 1992, and of possession of a firearm by a convicted felon on January 12, 1993. On appeal, he asserts that the evidence was insufficient to support his conviction and that his trial counsel provided ineffective assistance.

We disagree and affirm his convictions.

The evidence viewed in the light most favorable to support the jury's verdict shows that on October 18, 1992, during an undercover investigation in which an informant was used, both the informant and his automobile had been searched for drugs by the police prior to the incident and found to have none. A transmitter and a recording device had been placed on the informant. In pursuit of the investigation, the informant was in his automobile when he met Hall and Wrease, in Wrease's automobile which Wrease was driving. The informant told Wrease and Hall that he wanted cocaine, and Wrease instructed him to turn his vehicle around and drive to the end of the street. At the end of the street, Hall exited Wrease's automobile and proceeded behind Wrease's home where he retrieved the crack cocaine. Hall gave the informant the crack cocaine and returned to Wrease's automobile. The informant then met up with the police investigator and turned the subject drugs over to him. Wrease was subsequently arrested, charged and tried for selling cocaine. In addition to live testimony, the audiotape recordings of the cocaine sale were admitted into evidence and played before the jury at trial.

1. Wrease asserts that the evidence produced at trial did not show that he personally conducted the sale of cocaine and his mere presence at the scene is insufficient to support a conviction. However, "[t]he jury was instructed regarding parties to a crime, OCGA § 16-2-20, and we find the evidence presented at trial more than sufficient to have authorized the jury to find [Wrease] guilty of being a party to the sale of cocaine." (Citations omitted.) *Stevens v. State*, 210 Ga. App. 355, 356 (436 SE2d 82) (1993). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In four separate enumerations of error, Wrease maintains that his trial counsel failed to provide effective assistance. In two of the enumerations, Wrease alleges errors concerning evidentiary matters involving the possession charge for which he was acquitted. He further asserts that trial counsel was deficient in failing to move for a severance of the offenses and in failing to object to the admission of allegedly unintelligible audiotape recordings of his conversations with the confidential informant during the drug transaction.

"Defendants seeking to show that their counsel was ineffective must show: 1) their counsel's performance was deficient and 2) . . the deficient performance prejudiced the defense. The failure to establish either element of the test will result in the denial of defendant's claim of ineffective counsel. A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial coun

sel might be considered sound trial strategy." (Citations and punctuation omitted.) *Gibbs v. State*, 213 Ga. App. 117, 118 (1) (443 SE2d 708) (1994).

The trial court's finding on the effectiveness of Wrease's trial counsel is not clearly erroneous. Trial counsel's decision not to file a motion to sever is a matter of trial tactics and does not require a finding that counsel was ineffective. See *Warren v. State*, 197 Ga. App. 23 (1) (397 SE2d 484) (1990). In addition, the assistance that trial counsel rendered on the possession charge resulted in an acquittal. See *O'Neal v. State*, 211 Ga. App. 741 (4) (440 SE2d 513) (1994). Moreover, the fact that the audiotape recordings of the cocaine sale were inaudible did not make the tapes inadmissible. *Guess v. State*, 264 Ga. 335 (2) (443 SE2d 477) (1994). Therefore, an objection to their admission would not have been proper.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 7, 1994 —
RECONSIDERATION DENIED OCTOBER 4, 1994 —

*Harrison, Harrison & Llop, Steven M. Harrison,* for appellant.
*James L. Wiggins, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.