## A95A0510. BASHIRI v. THE STATE.

(457 SE2d 825)

SMITH, Judge.

Al Bashiri was convicted by a jury of the charge of terroristic threats. OCGA § 16-11-37 (a). His motion for new trial was denied. In his sole enumeration of error, he contends the trial court erred in denying his motion for new trial made on the ground of ineffective assistance of trial counsel.

The evidence presented at trial showed that Bashiri contracted to have landscaping work done at a residence being built for him. The agreed contract price exceeded the amount allotted by the builder for landscaping, and Bashiri agreed to pay the difference. Seeking payment after Bashiri missed several appointments when the work was

done, the landscaper telephoned Bashiri at his restaurant and left a message that if he was not paid he would remove the plantings. The landscaper testified that in his return phone call Bashiri immediately began screaming obscenities, informing him he had automatic weapons, knew how to use them, and would kill him. The landscaper further testified that Bashiri asked him if he "knew what a .45 would do to my head." This testimony was corroborated by a friend to whom the landscaper handed the telephone during Bashiri's call.

In a detailed order, the trial court found that Bashiri was not denied effective assistance of counsel. "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Rogers v. State*, 210 Ga. App. 164 (2) (435 SE2d 457) (1993). The trial court's finding in this case is not clearly erroneous, and we affirm.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that he was prejudiced by that deficient performance such that he was deprived of a fair trial. Although Bashiri now asserts that trial counsel was ignorant of many points of law relevant to his defense, the trial court questioned Bashiri regarding his satisfaction with counsel's representation, and Bashiri indicated satisfaction. Bashiri stated he had known his trial attorney "for a number of years," and his counsel was retained rather than appointed. " 'There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy.' . . . [Cit.]" *Wrease v. State*, 214 Ga. App. 727, 728-729 (2) (448 SE2d 911) (1994).

On appeal, Bashiri's main criticism of trial counsel's performance involves his failure to accept the trial court's sua sponte offer to charge on the lesser included offense of using "fighting words." OCGA § 16-11-39. However, before acceding to counsel's wishes regarding the charge, the trial court made certain counsel conferred with Bashiri several times. Although Bashiri originally disagreed, he apparently agreed during the last conference with counsel.

Moreover, this was clearly a matter of strategy. "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Sutton v. State*, 210 Ga. App. 247, 248 (2) (435 SE2d 748) (1993).

Bashiri's trial counsel's strategy was to pursue the defense that the threat had been conditional and constituted a defense of Bashiri's habitation. The victim and another witness contradicted Bashiri's claim that his threat had been conditional. The jury obviously believed the victim. This defense, however, permitted Bashiri to elicit testimony regarding the civil proceeding, which the State sought to avoid, and to attempt to convince the jury that this was really a civil matter, a perfectly legitimate trial tactic.

The trial court did not err in denying Bashiri's motion for new trial on the ground of ineffective assistance of trial counsel.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 8, 1995.

*Kenneth J. Vanderhoff, Jr., Osgood A. Williams*, for appellant.
*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney*, for appellee.