### A98A0512. CLAY v. THE STATE.
(502 SE2d 267)

</div>

BEASLEY, Judge.

Clay and Burks were jointly charged. Burks pled guilty to possession of cocaine with intent to distribute and testified as a State's witness at Clay's trial. Clay was convicted of a cocaine sale, and because of a prior offense was sentenced to life in prison. OCGA § 16-13-30 (b) and (d). This is an authorized out-of-time appeal.

The State's evidence showed that Jerry and Diane Bostick were buying drugs in their capacity as undercover agents. When Clay approached the truck they were driving, Diane Bostick asked if he had a "dime bag of crack," a term explained by the Bosticks as meaning $10 worth of crack cocaine. Clay told her to wait a minute, walked over to a group of men, and spoke to Burks. Burks turned toward the undercover agents, said "he only had $20," and went to the truck and sold the cocaine to Bostick.

1. Without success, the first challenge is to the sufficiency of the evidence to support the verdict.

"[Clay] asserts that the evidence produced at trial did not show that he personally conducted the sale of cocaine and his mere presence at the scene is insufficient to support a conviction. However, '(t)he jury was instructed regarding parties to a crime, OCGA § 16-2-20, and we find the evidence presented at trial more than sufficient to have authorized the jury to find [Clay] guilty of being a party to the sale of cocaine.' [Cits.]"[1] "Even if [Clay], under the circumstances, is not treated as the actual seller but merely the conduit or interme-

---

[1] *Wrease v. State*, 214 Ga. App. 727, 728 (1) (448 SE2d 911) (1994).

diary by which the sale took place, [he] is guilty of selling cocaine, because [he] aided and abetted the sale as a party to the crime. [Cits.]"[2]

2. Clay moves to remand this case to the trial court so he can assert and be heard on a claim of ineffective assistance of trial counsel.

Clay was convicted in 1991. In 1997, he filed a pro se motion for an out-of-time appeal in which he asserted that his failure to file a timely appeal was due to ineffective assistance of trial counsel. The motion was granted, but newly appointed appellate counsel filed an untimely notice of appeal and the appeal was dismissed. A subsequent motion for out-of-time appeal was also granted so as to allow this appeal. In the motion to remand, counsel states that after the filing of the latest notice of appeal, he received correspondence from prisoner Clay requesting that he raise an ineffectiveness claim.

The motion to remand is denied. "Our law requires that a claim for ineffective assistance of counsel must be raised at the earliest practicable moment. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996). This rule requires that a 'claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.' Id. at 184."[3]

Clay asserted one particularized claim of ineffective assistance of counsel in his initial motion for out-of-time appeal. He had an opportunity to assert other claims of ineffective assistance by motion for new trial after his appeal motions were granted, which post-conviction motion would have extended the time for filing the notice of appeal.[4] "[T]he scope of the permission given when an out-of-time appeal is granted [constitutes] permission to pursue the post-conviction remedies which would be available at the same time as a direct appeal."[5] Ample opportunity to raise this issue by motion for new trial and failure to do so forecloses the issue now.[6]

*Kennedy v. State*,[7] relied on by Clay, does hold that where the issue of ineffectiveness of counsel is raised for the first time on appeal, the case must be remanded to the trial court for an eviden-

---

[2] *Lawrence v. State*, 227 Ga. App. 70, 72 (3) (487 SE2d 608) (1997).

[3] (Emphasis in original.) *Sartin v. State*, 223 Ga. App. 759, 762 (5) (479 SE2d 354) (1996).

[4] See OCGA § 5-6-38 (a).

[5] *Ponder v. State*, 260 Ga. 840, 841 (1) (400 SE2d 922) (1991).

[6] See *Glover*, supra; compare *Russell v. State*, 267 Ga. 865, 868 (4) (485 SE2d 717) (1997) (where appellate counsel was not appointed until after the filing of the notice of appeal).

[7] 217 Ga. App. 18, 19 (2) (456 SE2d 288) (1995).

tiary hearing on the claim. *Kennedy* is expressly overruled on this issue because it was in the line of cases overruled in *Glover*.

*Judgment affirmed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Blackburn, Smith, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 16, 1998 —
RECONSIDERATION DENIED MAY 13, 1998.

*Kirbo, McCalley & Forehand, Jon V. Forehand*, for appellant.
Rufus Clay, pro se.
*J. David Miller, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.