## A01A0653. PALMER v. THE STATE.
(547 SE2d 404)

PHIPPS, Judge.

Malcolm Palmer was convicted of the sale and possession of cocaine. He challenges the sufficiency of the evidence to support his conviction for the sale of cocaine, arguing that no sale occurred. He claims that the arresting officers had no authority to arrest him and that, as a result, the possession conviction must also be reversed. We find the evidence was sufficient to support Palmer's conviction for the sale of cocaine and affirm.

On the evening of August 24, 1999, Gwinnett County Police Officers Prieto, Lockhard and Fulcher were working undercover and attempting to buy crack cocaine from street dealers in the vicinity of the Guest House Inn. When the officers saw Palmer walking down the street, Lockhard stopped the car and Prieto asked Palmer if he had a "50" (a $50 piece of crack cocaine). Palmer testified that he told Prieto that he knew someone down the street who would probably sell it to them. The officers gave Palmer a ride to the Home Town Inn, gave him $50 and watched him go into the building. When Palmer returned, he told the officers that his source had only $40 worth of crack cocaine. He handed Prieto the drugs and gave him back $10. When Palmer asked if they had a shooter (a crack pipe), the officers placed him under arrest. Prieto patted Palmer down and discovered a small quantity of crack cocaine in his pocket. Palmer testified that his source had given it to him when he bought the cocaine for the officers.

Palmer's challenge to the sufficiency of the evidence must fail. The officers asked Palmer for $50 worth of crack cocaine; Palmer took their money and delivered the drugs to them. Thus, a drug sale was consummated between Palmer and the officers.[1]

Given our holding that a sale of drugs did occur, for which the officers were authorized to arrest Palmer, we need not address Palmer's challenge to his possession conviction on the ground that the officers had no authority to arrest him.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[1] *Lawrence v. State*, 227 Ga. App. 70, 72 (3) (487 SE2d 608) (1997); see *Robinson v. State*, 164 Ga. App. 652, 653-654 (1) (297 SE2d 751) (1982) (a sale of drugs is complete when the seller delivers the drugs to the feigned buyer); see also *Clay v. State*, 232 Ga. App. 541 (1) (502 SE2d 267) (1998).

DECIDED APRIL 4, 2001.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.