## A04A0502. STRICKLAND v. THE STATE.
### (600 SE2d 693)

PHIPPS, Judge.

A jury found Michael Strickland guilty of committing battery upon Vivian Tucker by causing her physical harm and guilty of aggravated assault upon Tucker by assaulting her with his hands and feet, objects likely to result in serious bodily injury.[1] Appealing his convictions for those crimes, Strickland contends that the trial court erred by failing to charge the jury sua sponte on defense of property. Because Strickland has failed to establish that defense was his sole defense, we affirm.

The state presented evidence that on the evening of December 6, 2002, several of Tucker's acquaintances, including Strickland, Strickland's girlfriend, and her father, Tony Daniel, were guests at her home. Everyone was consuming alcoholic beverages. Daniel started beating another guest, Larry Parr. Tucker testified that she tried to protect Parr and suffered some of Daniel's "blows" to the back of her head. However, she was not then bleeding. Tucker's repeated orders that Strickland, his girlfriend, and Daniel leave her home were ignored. Tucker testified that when she threatened to call the police, "they snapped on me." Strickland and Daniel started "hitting me, punching me in the face, in the head . . . they knocked me out." Strickland and Daniel dragged Tucker by her hair into the street. Tucker recalled regaining consciousness and that "[w]hen I got out to the road, [Strickland] was stomping me in the mouth, which knocked all my teeth out." She testified that Strickland also "grabbed me by both sides of my hair and just rammed [the back of my head] into the road." At some point, Tucker stated, "[Strickland] grabbed my leg, jammed it up in me and twisted, turned me over with that leg, put my face down on the concrete." She testified that Daniel and Strickland's girlfriend were kicking her and that Daniel hit her with a beer bottle.

After the beating, Strickland and Daniel plotted at the scene to blame Parr for Tucker's injuries. Tucker was left in the street, bleeding from her nose, mouth, and ears. Throughout the episode, she had been drifting in and out of consciousness. Pictures published to the jury showed Tucker's bruises and other bodily injuries caused by the beating.

Strickland's version of what happened that evening differed from what the state's witnesses told. Strickland denied any physical involvement in the altercation that had occurred inside Tucker's

---

[1] Strickland's girlfriend and his girlfriend's father were tried as Strickland's co-defendants and parties to these crimes.

home and claimed that, after that fight, he noticed blood on Tucker's face. He recalled that Tucker became irate, as she repeatedly told everyone to leave. When he realized that the police would soon be arriving, he got into his car to move it out of Tucker's driveway. Tucker ran after him and got into the back seat. Because she was dripping blood in his car, he told her to get out. When she refused, he pulled her out. Strickland testified that "[Tucker] fell on the ground. I didn't push her. . . . She was on her back when she fell, and I grabbed her leg and I pulled her back away from the car so I wouldn't run over her. . . ." When the police asked Strickland at the scene about Tucker's injuries, he reported that she had received them while attempting to end the fight that had occurred inside her home. At trial, Strickland denied that he had assaulted and battered Tucker, specifically stating that he did not do anything to cause her harm, that he did not hit her, that he did not kick her, that he did not jam her leg, and that he did not drag her by her hair. He testified further that his girlfriend had not hit or kicked Tucker and that Daniel had not hit Tucker with a beer bottle.

On appeal, Strickland contends that the trial court erred by failing to charge the jury sua sponte on the affirmative defense of defense of property other than habitation.[2] Pointing to his testimony that he pulled Tucker out of and away from his car to protect it from Tucker's bleeding, he claims that the record establishes that defense of property was his sole defense.

"A trial court does not err in failing to charge without request on an affirmative defense unless it is the defendant's sole defense."[3] "[A]n affirmative defense is one that admits the doing of the act charged but seeks to justify, excuse, or mitigate it."[4] A person commits battery by intentionally causing "substantial physical harm or visible bodily harm to another."[5] A person commits aggravated assault by assaulting another "with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[6]

Strickland has failed to establish that defense of property was his sole defense. While he testified that he had only pulled Tucker out of and away from his car, he also maintained his claim first made at the scene — that he had done nothing to cause Tucker's bodily injuries.

---

[2] See *Green v. State*, 240 Ga. App. 774, 776 (1) (525 SE2d 154) (1999) (recognizing defense of property other than habitation as an affirmative defense).

[3] (Citation omitted.) *James v. State*, 275 Ga. 387, 389 (6) (565 SE2d 802) (2002).

[4] (Citations and punctuation omitted.) *Hanifa v. State*, 269 Ga. 797, 806 (5) (505 SE2d 731) (1998).

[5] OCGA § 16-5-23.1 (a).

[6] OCGA § 16-5-21 (a) (2).

And in cross-examining Tucker, Strickland's trial counsel attempted to establish that her recollection of what occurred on the evening in question had been diminished by her fading in and out of consciousness and by her consuming alcohol. Moreover, the record shows that the court did adequately charge the jury on witness credibility, the burden of proof, reasonable doubt, and the presumption of innocence. Because the transcript reveals that Strickland denied doing the acts charged, he has failed to establish that defense of property was his sole defense and that the trial court was therefore obligated to charge the jury sua sponte on that defense.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 27, 2004.

*Barry V. Smith*, for appellant.
*Leigh E. Patterson, District Attorney, Finnis K. Salmon, Assistant District Attorney*, for appellee.

---

[7] See *Johnson v. State*, 275 Ga. 630, 631 (3) (570 SE2d 309) (2002); *Davenport v. State*, 255 Ga. App. 593, 595 (2) (565 SE2d 900) (2002); *Turner v. State*, 245 Ga. App. 294, 296 (4) (b) (536 SE2d 814) (2000).