A05A0101. POWELL v. THE STATE.
(607 SE2d 909)

ELDRIDGE, Judge.

A Walker County jury found David Powell guilty of possession of methamphetamine, misdemeanor possession of marijuana, and driving without a license. Without challenging the sufficiency of the evidence against him, Powell appeals and claims error solely in the denial of his motion to suppress. Finding no error, we affirm.

Powell first contends the evidence sought to be suppressed was found as a result of a stop at an illegally constituted roadblock at the intersection of Marbletop and Lisbon Roads outside Chickamauga. However, the evidence is uncontroverted that, prior to reaching the roadblock which was visible from 200 yards in either direction, Powell stopped his vehicle in the middle of Marbletop Road, backed up, and turned into the driveway of a residence. Since Powell was not

stopped by the roadblock, its legality is not at issue.[1]

It is unclear from Powell's argument, but it appears he also claims that an officer's subsequent approach and request for identification constituted an impermissible search and seizure. However, "[i]t is well established that an officer's approach to a stopped vehicle and inquiry into the situation is not a 'stop' or 'seizure' but rather clearly falls within the realm of the first tier of police-citizen encounter[s]."[2] Further, the evidence of record supports the conclusion that the officer had a reasonable articulable suspicion that Powell was attempting to avoid the roadblock. Besides backing up in the middle of Marbletop Road when the roadblock came into view, Powell appeared to abandon his vehicle in a driveway and to walk away through the yards of the homes adjacent to the roadway; moreover, his on-scene explanation that he was looking for the residence of a man named "Cook" made little sense, since he was neither knocking on doors in search of Mr. Cook's house nor otherwise "looking" for anyone. Powell argues that his actions were perfectly legal in and of themselves. While this may be true, his actions also reasonably suggested that he was attempting to avoid the roadblock, and "*Terry* recognized that the officers could detain the individuals to resolve the ambiguity."[3] Upon investigation, Powell admitted to the officer that he had no driver's license and that he was carrying marijuana; the methamphetamine was discovered during a subsequent search pursuant to arrest. Under the facts of record and upon the errors as enumerated, we find the trial court properly denied Powell's motion to suppress.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED DECEMBER 1, 2004.

*Frank B. Perry*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

---

[1] *Gary v. State*, 268 Ga. App. 773 (603 SE2d 304) (2004).

[2] (Citation and punctuation omitted.) *Akins v. State*, 266 Ga. App. 214, 215 (1) (596 SE2d 719) (2004).

[3] *State v. Ledford*, 247 Ga. App. 412, 416 (1) (b) (543 SE2d 107) (2000).