A06A0869. KING v. THE STATE.
(635 SE2d 895)

MILLER, Judge.

Following a jury trial, Roy William King was convicted of obstruction of an officer and being a habitual violator. King contends on appeal that the trial court erred in denying his motion to suppress because he had stopped his car near a police roadblock that did not meet constitutional muster. Since King never stopped at the police roadblock, however, the constitutionality of the roadblock is irrelevant to any issue that would warrant the suppression of evidence here. As a result, we discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that King stopped his car suddenly and turned into a driveway before reaching a police roadblock. King attempted to pull out of

the driveway as the police drove toward his car, but abandoned his car and ran into some nearby woods when he saw that the police would reach him before he made it out of the driveway. The police later arrested King at his home.

King filed a motion to suppress "all evidence resulting from and following the roadblock [that led] to [his] arrest and indictment," arguing that the roadblock was unconstitutional. The trial court denied the motion, finding that King lacked standing to challenge the validity of a roadblock at which he did not stop. King claims that this ruling was erroneous. We disagree.

In order to use the constitutionality of the roadblock itself as a basis for suppressing evidence seized from him, King would first have to show that he actually stopped at the roadblock. See *Powell v. State*, 270 Ga. App. 707, 707-708 (607 SE2d 909) (2004). Since it is undisputed that King "was not stopped by the roadblock, [the] legality [of the roadblock] is not at issue." (Footnote omitted.) Id.; see also *Gary v. State*, 268 Ga. App. 773, 776 (2) (603 SE2d 304) (2004) (where defendant did not stop at roadblock "the legality of the roadblock [was] simply not significant to the issue of whether [drugs] should have been suppressed") (physical precedent only).[1] Accordingly, the trial court did not err in denying King's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 29, 2006.

*Christopher E. Chapman*, for appellant.
*Richard G. Milam, District Attorney, Bill D. Golden, Assistant District Attorney*, for appellee.

---

[1] Although *Gary*, supra, was physical precedent only at the time the case was published (see Court of Appeals Rule 33 (a)), the case was subsequently cited with approval in *Powell*, supra, 270 Ga. App. at 707-708, a case in which all three judges fully concurred.