## A07A2257. TAUL v. THE STATE.
### (659 SE2d 646)

BERNES, Judge.

A Bibb County jury convicted Donald Jeremy Taul of aggravated assault on a peace officer, fleeing or attempting to elude police, obstruction of an officer, and driving with a suspended or revoked license. Taul appeals, contending that the trial court erred in failing to dismiss the aggravated assault charge; in failing to grant a directed verdict of acquittal on the aggravated assault charge; and in failing to instruct the jury on the defenses of justification and the right to resist an unlawful detention. He also contends that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence at trial showed that Bibb County sheriff's deputies were conducting a roadblock when Taul drove his car containing three passengers toward the roadblock, traveling at an approximate speed of 40 miles per hour. According to two of Taul's passengers, the roadblock was clearly visible in the roadway, but as they approached, Taul "pretty much freaked out and said he wasn't stopping."[2] Taul accelerated his car as he approached the roadblock while the deputies yelled for him to stop. The victim, a deputy who was assisting with the roadblock, stepped into the roadway, raised his arms, and joined the other deputies in ordering Taul to stop. Taul did not comply nor slow down, but instead drove straight through the roadblock. The deputy had to "jump[ ] back out of the lane" to avoid "[b]eing struck by [Taul's] vehicle and receiving serious injuries."

The deputies pursued Taul's vehicle in a high-speed chase. The chase ended when Taul loss control of his vehicle and the vehicle flipped over onto its top. Taul and his three passengers crawled out of the vehicle. Taul fled on foot, but was identified by the passengers as the driver of the vehicle. Taul was later arrested.

At trial, Taul stipulated that he was guilty of obstruction and driving with a suspended license. The jury also found Taul guilty of aggravated assault and fleeing or attempting to elude police.

1. Taul contends that the trial court erred by denying his pretrial motion to dismiss the aggravated assault charge. He argues that the roadblock was unconstitutional, and that he had a right to resist the unlawful detention. Notwithstanding Taul's claim to the contrary, he did not move to dismiss the aggravated assault prior to trial. Rather,

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Drivers were alerted to the roadblock by the deputies' marked vehicles which had their blue lights turned on as well as by the presence of the deputies themselves who were wearing uniforms and reflective vests.

he filed a motion to suppress evidence based on the alleged illegality of the roadblock. But since the undisputed evidence shows that Taul did not stop at the roadblock, he was not unlawfully detained and therefore, had no standing to challenge its constitutionality. See *King v. State*, 281 Ga. App. 325, 326 (635 SE2d 895) (2006).

Moreover, "[t]his Court will not find that the determination of whether there is a 'legal' basis for a [roadblock or] stop belongs to the driver, thereby giving him the right to ignore blue lights and a siren if he determines he is being stopped illegally." *Eichelberger v. State*, 252 Ga. App. 801, 804 (2) (557 SE2d 439) (2001). "Challenges to even unconstitutional police actions must be made in the courts, not on the street." (Punctuation and footnote omitted.) *Strickland v. State*, 265 Ga. App. 533, 539 (594 SE2d 711) (2004).

2. Taul next claims that the trial court erred in failing to grant his motion for directed verdict on the aggravated assault charge.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt. Leaving the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury, we construe the evidence in favor of the jury's verdicts.

(Punctuation and footnotes omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). A person commits aggravated assault when he "assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). A person commits aggravated assault upon a peace officer when he assaults "while the peace officer is engaged in, or on account of the performance of, his or her official duties." OCGA § 16-5-21 (c). In turn, a person commits an assault when he "[a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). "The question of whether an automobile has been intentionally used in such a manner so as to constitute a deadly or offensive weapon is one for the jury to resolve. Intent, of course, may be inferred from the circumstances." (Citations omitted.) *Adams v. State*, 280 Ga. App. 779, 781 (634 SE2d 868) (2006).

The evidence established that while the deputy stood visibly in the roadway, with his arms raised and yelling for Taul to stop his

vehicle at the roadblock, Taul drove his vehicle at a speed of 40 miles per hour directly at the deputy. Rather than stopping, slowing down, or swerving to avoid possible contact, Taul continued to drive directly toward the deputy, who had to quickly jump out of the roadway to avoid being struck by Taul's vehicle. The deputy feared "[b]eing struck by [Taul's] vehicle and receiving serious injuries." Based upon this evidence, the jury was authorized to determine that Taul had the requisite criminal intent to commit an aggravated assault against the deputy, who was placed in reasonable apprehension of immediately receiving a violent injury. See *Turner v. State*, 281 Ga. 487, 489 (1) (b) (640 SE2d 25) (2007); *Adams*, 280 Ga. App. at 781; *Young v. State*, 273 Ga. App. 151, 152-153 (1) (614 SE2d 257) (2005). Consequently, the trial court's denial of Taul's motion for directed verdict was proper.

3. Taul further contends that the trial court erred in failing to instruct the jury on justification and the right to resist an unlawful detention as applied to the aggravated assault charge. While Taul concedes that he did not request any instructions on these issues, he argues the trial court was nevertheless obligated to charge them sua sponte. We disagree.

It is true that "the failure to give a charge on a defendant's sole defense in a criminal case, even without a request, constitutes reversible error if there is some evidence to support the charge." (Citations omitted.) *Parker v. State*, 230 Ga. App. 578, 579 (2) (497 SE2d 62) (1998). But, here there was no evidence warranting the suggested charges.

> In resisting an unlawful arrest [or detention], one is justified in using force, but only such force as is reasonably necessary to prevent the arrest, i.e., force proportionate to the force being used in the unlawful detention. Thus, [a defendant] is never justified in assaulting an . . . officer unless the officer has assaulted him first.

(Citations and punctuation omitted.) *Sosebee v. State*, 169 Ga. App. 370 (1) (312 SE2d 853) (1983). See also *Brooks v. State*, 144 Ga. App. 97, 100 (4) (240 SE2d 593) (1977). Since there is no evidence that the deputy assaulted or used force against Taul, a charge on justification was not warranted.

And significantly, justification was not Taul's sole defense. Taul argued that the deputy deliberately stepped in front of his vehicle and therefore it was the deputy's own acts, not Taul's, that had placed the deputy in reasonable apprehension of immediately receiving a violent injury. "A trial court does not err in failing to charge without request on an affirmative defense unless it is the defendant's sole

defense." (Punctuation and footnote omitted.) *Strickland v. State*, 267 Ga. App. 610, 611 (600 SE2d 693) (2004). It thus follows that the trial court was not obligated to charge the jury sua sponte on the alleged defenses. See *Cromer v. State*, 238 Ga. 425, 426 (2) (233 SE2d 158) (1977); *Strickland*, 267 Ga. App. at 611-612; *McCarr v. State*, 197 Ga. App. 124, 124-125 (2) (397 SE2d 711) (1990); *Brooks*, 144 Ga. App. at 99 (4).

4. Lastly, Taul contends that he received ineffective assistance of trial counsel.

> In order to establish that trial counsel's performance was so defective as to require a new trial, [Taul] must show that counsel's performance was deficient and that the deficient performance so prejudiced [Taul] that there is a reasonable likelihood that, absent counsel's errors, the outcome of the trial would have been different. There is a strong presumption that counsel's conduct fell within a broad range of reasonable professional conduct. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations and punctuation omitted.) *Huguley v. State*, 242 Ga. App. 645, 647 (1) (529 SE2d 915) (2000). Taul has not met his burden of establishing ineffective assistance of counsel in accordance with these standards.

(a) Taul first contends that his counsel was ineffective by failing to request a curative instruction and/or a mistrial when the supervising lieutenant testified that the officers pursued Taul's vehicle because "[h]e had just committed a crime, tried to run over one of my officers." Taul's trial counsel objected to this testimony when it was given and again when it was referenced during the prosecutor's closing argument. Taul contends that the testimony was an improper statement as to the ultimate issue of the aggravated assault charge.

The trial court overruled trial counsel's objection based upon its reasoning that the lieutenant could testify as to his personal observations, and further stated on the record that the issue was for the jury's determination. The trial court also overruled trial counsel's objection to the prosecutor's closing argument, finding that trial counsel had misinterpreted the prosecutor's argument. The trial court reiterated in open court that "the jury decides whether or not there was an aggravated assault." The trial court also charged the jury that it was their duty to determine whether Taul was guilty of the offenses charged beyond a reasonable doubt.

Pretermitting whether the trial court properly overruled trial counsel's objections[3] and whether trial counsel's failure to move for a mistrial or ask for a curative instruction constituted deficient performance, Taul has not established that there was a reasonable probability that the outcome of the trial would have been different. In pronouncing its rulings on the objections, the trial court reiterated in open court that the jury was to decide whether Taul was guilty of the aggravated assault offense, and Taul has not suggested a curative instruction that would have been more effective. Moreover, any error was harmless because the evidence against Taul was overwhelming. See *Ludden v. State*, 176 Ga. App. 109, 111 (2) (335 SE2d 428) (1985). See also *Johnson v. State*, 281 Ga. 770, 772 (2) (b) (642 SE2d 827) (2007); *Fulton v. State*, 278 Ga. 58, 63 (8) (597 SE2d 396) (2004). As such, Taul's claim for ineffective assistance of counsel must fail.

(b) Taul further claims that his counsel was ineffective in failing to request a jury instruction on reckless conduct as a lesser included offense of aggravated assault. This claim also is without merit.

"An essential element of the [reckless conduct] crime is criminal negligence." (Citation omitted.) *Head v. State*, 233 Ga. App. 655, 659 (4) (504 SE2d 499) (1998). There was no evidence that would support a finding that Taul's driving his vehicle directly at the deputy was criminally negligent rather than intentional. See id.; *Huguley*, 242 Ga. App. at 648-649 (1) (a), (b). Compare *Shaw v. State*, 238 Ga. App. 757, 757-759 (1) (519 SE2d 486) (1999) (finding that evidence that defendant fired a gun into the air, and not at the officers, during the police chase authorized a jury charge on reckless conduct as a lesser included offense of aggravated assault with a deadly weapon based on OCGA § 16-5-20 (a) (1)). Here, the evidence established only the aggravated assault charge. Although the deputy standing in the roadway was clearly visible, Taul "pretty much freaked out and said he wasn't stopping." Taul drove his vehicle directly at the deputy, who had to quickly jump out of the roadway to avoid being struck by Taul's vehicle. The deputy testified that he feared "[b]eing struck by [Taul's] vehicle and receiving serious injuries." Since a jury charge on reckless conduct was not authorized by the evidence, trial counsel was not ineffective by failing to request such a charge. Moreover, as stated in Division 3, there was no evidence supporting Taul's claims of justification or right to resist an unlawful detention. *Berry v. State*, 282 Ga. 376, 381-382 (5) (651 SE2d 1) (2007).

---

[3] A witness is authorized to testify as to his personal observations of a defendant's actions. See *Bridges v. State*, 279 Ga. 351, 356 (7) (613 SE2d 621) (2005); *Ludden v. State*, 176 Ga. App. 109, 110-111 (2) (335 SE2d 428) (1985).

Moreover, at the motion for new trial hearing, trial counsel testified that his failure to request a jury charge on the lesser included offense was a matter of trial strategy to pursue an "all or nothing" defense for the aggravated assault charge, but that "in hindsight . . . it would have been a better idea to [request the reckless conduct charge]." Notwithstanding trial counsel's opinion given in hindsight,

> [t]rial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.

(Citation and punctuation omitted.) *Bashiri v. State*, 217 Ga. App. 400, 401-402 (457 SE2d 825) (1995). Because the evidence did not establish reckless conduct as a lesser included charge, trial counsel's strategy was not unreasonable. Taul's claim thus affords no basis for relief.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 29, 2008 —
RECONSIDERATION DENIED MARCH 14, 2008.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Nancy S. Malcor, Assistant District Attorneys*, for appellee.