S96A1421. FOREHAND v. THE STATE.
(477 SE2d 560)

CARLEY, Justice.

The jury returned a verdict finding Lee Anthony Forehand guilty of malice murder. Pursuant to the grant of his motion for an out-of-time appeal, he appeals from the judgment of conviction and life sentence which the trial court entered on the jury's guilty verdict.[1]

1. The evidence, when construed most strongly in support of the verdict, shows the following: As the victim stood on a street corner, a van in which Forehand was a passenger drove up. The driver of the van confronted the victim about allegedly stolen money. Shots were fired from the van and the victim suffered mortal wounds. The van drove off, but the driver contacted the police on the following day. The driver eventually turned himself in and gave a statement implicating Forehand as the gunman. Forehand was arrested and, in a search of his house, officers discovered the murder weapon. An eyewitness to the events identified Forehand as the gunman. From this evidence, a rational trier of fact would be authorized to find proof of Forehand's guilt of the murder beyond a reasonable doubt. *Jackson v. Virginia,*

---

[1] The murder was committed on April 11, 1994. The grand jury indicted Forehand during the January 1995 term of court and the jury found Forehand guilty on March 31, 1995. The trial court entered the judgment of conviction and imposed a life sentence on April 7, 1995. Forehand filed a motion for new trial on April 18, 1995 and the trial court denied the motion on September 26, 1995. The trial court granted a motion for an out-of-time appeal on January 9, 1996 and Forehand filed his notice of appeal on February 1, 1996. The case was docketed in this Court on May 28, 1996 and the parties presented oral argument on September 16, 1996.

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Forehand asserts that, in several instances, the State impermissibly placed his character into evidence. One such instance relates to the cross-examination of a defense witness about his livelihood. This cross-examination appears to be merely an attempt by the State to impeach the defense witness rather than an impermissible effort to impugn Forehand's character. Indeed, Forehand initially objected only to the relevancy of this line of questioning. After the trial court overruled Forehand's relevancy objection, counsel for the State inquired as to whether the defense witness was a "drug dealer." The court then sustained Forehand's objection and he sought no further relief. Compare *Fields v. State,* 260 Ga. 331, 333 (5) (393 SE2d 252) (1990) (meritorious hearsay objection erroneously overruled); *Busbee v. State,* 210 Ga. App. 17 (435 SE2d 60) (1993) (meritorious relevancy objection erroneously overruled). Since the transcript shows that the only objection to the characterization of the defense witness as a "drug dealer" was sustained below, we need not consider any possible prejudicial effect upon Forehand's own character. Compare *Fields v. State,* supra at 334 (5) (error found to be prejudicial and, therefore, not harmless, "as the jury could have inferred that appellant kept company with a person of bad character . . ., and therefore that appellant herself had a bad character"); *Busbee v. State,* supra at 18 (error found to be prejudicial and, therefore, not harmless, as the "question, unsupported by any evidence, clearly impugned appellant's own character by suggesting that she associated with a criminal").

In all other instances cited by Forehand, the transcript fails to show that Forehand raised any objections which were overruled. If the transcript does not fully disclose what transpired in the trial court, Forehand had the burden to have it completed pursuant to OCGA § 5-6-41 (f). Where, as here, this has not been done, there is nothing for this Court to review. *Howe v. State,* 250 Ga. 811, 814 (2) (301 SE2d 280) (1983).

3. Forehand urges that the identification testimony of the eyewitness was inadmissible, because the State did not comply with OCGA § 17-16-7. That statute provides, in relevant part, that

the prosecution . . . shall produce for the opposing party any statement of any witness that is in the possession, custody, or control of the [S]tate or prosecution . . . that relates to the subject matter concerning the testimony of the witness . . . .

This statutory obligation is not triggered when a witness merely makes an oral statement. There can be no "possession, custody, or

control" of a witness' statement which has neither been recorded nor committed to writing. OCGA § 17-16-1 (1). Accordingly, if, but only if, the eyewitness' statement had been recorded or committed to writing other than in "notes or summaries made by counsel," it would be discoverable. OCGA § 17-16-1 (2) (C).

Here, the transcript shows that counsel for the State informed the trial court that "[t]he only statement I have is what [the eyewitness] told me verbally. . . ." On subsequent cross-examination of the eyewitness, Forehand did not show that, contrary to this assertion of counsel for the State, a recorded or written statement identifying Forehand had been made. It follows that the trial court did not err by allowing the eyewitness to give his identification testimony over the objection that OCGA § 17-16-7 had been violated.

4. Forehand further urges that the State failed to disclose its possession of an unsigned letter attributed to him. It does not appear, however, that the State ever introduced this purported letter into evidence. Moreover, the record does not disclose that Forehand made any objection to the admission of the letter or to any testimony regarding the letter. Accordingly, this enumeration of error presents nothing for review.

5. Having undergone a polygraph test, Forehand proffered the results of that test as evidence which would impeach the identification testimony of the eyewitness. The trial court did not err in excluding the offered evidence because there was no stipulation as to the admissibility of the polygraph results and such a stipulation is a prerequisite to admissibility. *Walker v. State*, 264 Ga. 79 (2) (440 SE2d 637) (1994).

6. Forehand's contention that counsel for the State disregarded an evidentiary ruling of the trial court is not supported by the record. Instead the record shows that Forehand did not raise this issue in or invoke a ruling by the trial court.

7. Forehand urges that, cumulatively, the previously discussed instances of purported misconduct on the part of counsel for the State constitutes a denial of due process of law. As we have held, however, no single instance of purported misconduct on the part of counsel for the State has merit. " 'Any error shown upon the record must stand or fall on its own merits and is not aided by the accumulative effect of other claims of error.' " *Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 1996.

*Theodore Johnson*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant*

*District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison Goldberg, Assistant Attorney General,* for appellee.