## A03A0877. BERRY v. THE STATE.
### (585 SE2d 679)

MIKELL, Judge.

A Spalding County jury found Kelly Berry guilty of possession of cocaine and of misdemeanor obstruction of an officer.[1] Berry appeals, claiming that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction for possession of cocaine. We affirm for the reasons set forth below.

1. Berry's challenge to the sufficiency of the evidence is meritless. Viewed in a light most favorable to support the jury's verdict, the record shows that Officer Gene Mathews of the Griffin Police Department responded to a report of a shooting near East Central Avenue in Griffin. When Mathews arrived at the scene, he found Berry, Berry's brother, a third man, and a pit bull dog. The dog was attacking Berry, and the other two men were egging it on. The men fled the scene when they saw Mathews. Mathews ordered Berry to stop, but he refused, and so Mathews chased and caught Berry. Berry had been shot in the foot, and Mathews called for an ambulance.

Mathews returned to the area later that afternoon after neighbors called police and complained that Berry was threatening them. People at the scene told Mathews that Berry "was around back of the

[1] See OCGA §§ 16-13-30 (a); 16-10-24 (a).

house . . . selling dope." Mathews located Berry, who had returned from the emergency room and was on crutches. Mathews put Berry in the police car and questioned him. Berry responded, "um-humm, um-humm," but never opened his mouth. The officer asked Berry several times to open his mouth, and when Berry finally did so, the officer saw an "off-white substance in a plastic sandwich bag."

Officer Mathews gave the substance to Special Agent Snyder, who performed a field test on the material that indicated that it was cocaine. The state established a chain of custody of the suspected cocaine from Snyder to the Georgia Bureau of Investigation Crime Lab. Chemist Tonya Bailey testified that she received the substance at the Crime Lab, analyzed it, and found it to be cocaine.

We conclude that the evidence was sufficient to enable a rational trier of fact to find Berry guilty beyond a reasonable doubt of the crime of possession of cocaine in violation of the Georgia Controlled Substances Act.[2]

2. We similarly reject Berry's ineffective assistance of counsel claim.

> Generally, the burden is on the defendant claiming ineffective assistance of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[3]

(a) Berry claims that his counsel was ineffective for failing to request any specific jury charges. We disagree. "Decisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[4] Here, Berry does not argue which charges should have been requested, only that the failure to do so showed incompetence. At trial, defense counsel stated that he had no request for charges because "I don't think there is anything unusual." As defense counsel's decision was a matter of

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citation omitted; emphasis in original.) *Ramey v. State*, 239 Ga. App. 620, 622 (2) (521 SE2d 663) (1999). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] (Citation omitted.) *Champion v. State*, 238 Ga. App. 48, 49 (1) (b) (517 SE2d 595) (1999).

trial tactics and strategy, and Berry does not show that no competent attorney would have chosen this course of action, Berry fails to establish that he received ineffective assistance of counsel.

(b) Berry also claims that he received ineffective assistance of counsel because his attorney was not prepared for trial. This claim has no merit. Berry does not support this argument other than by showing that he expressed his dissatisfaction with his attorney immediately before trial. Because Berry does not point to any instances in the record that reflect a lack of preparedness on the part of his defense counsel, Berry has not shown that he received ineffective assistance of counsel.[5]

(c) Lastly, Berry claims he received ineffective assistance of counsel because his attorney failed to make a motion for mistrial. We again disagree. Berry shows that his counsel objected after the prosecutor asked Berry why Berry's brother had shot him. Defense counsel withdrew the objection after the trial court indicated that it would be overruled. Berry then responded by saying his brother had shot him because he thought that Berry had broken into his car. Berry contends that his counsel was ineffective by failing to ask for a mistrial after the admission of evidence that was irrelevant and improperly called Berry's character into question. However, counsel's decision whether to move for a mistrial generally falls within the ambit of trial strategy, "and we cannot say that [counsel's] decision fell outside the wide range of reasonable professional conduct."[6]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 15, 2003.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[5] See *In the Interest of S. U.*, 232 Ga. App. 798, 801 (2) (503 SE2d 66) (1998).
[6] *Watson v. State*, 243 Ga. App. 636, 639 (534 SE2d 93) (2000).