A05A2219. WILBURN v. THE STATE.
(628 SE2d 174)

RUFFIN, Chief Judge.

Timmy Wilburn was indicted for possession of cocaine with intent to distribute, obstruction of an officer, and criminal trespass. The trial court granted a directed verdict to him on the criminal trespass charge, and a jury found him guilty of obstruction and the lesser included offense of simple possession of cocaine. Wilburn moved for a new trial, which the trial court denied. Wilburn appeals, contending that he received ineffective assistance of counsel. He also challenges the sufficiency of the evidence. Finding no error, we affirm.

1. Wilburn asserts that there was insufficient evidence to convict him of possession of cocaine. "On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[1]

So viewed, the evidence shows that on the afternoon of September 20, 2002, Officer D. J. Barker of the City of Austell Police Department responded to a call that a group of men gathered in front of an apartment building were using drugs. When he arrived at the apartments, he found ten to fifteen men — including Wilburn — standing outside the building. Officer Barker exited his vehicle and asked the men to take their hands out of their pockets and walk

---

[11] See OCGA § 9-11-56.

[1] (Punctuation omitted.) *Smith v. State*, 276 Ga. App. 677, 677-678 (1) (624 SE2d 272) (2005).

toward him. All but Wilburn did as they were asked. Wilburn, however, walked away from the officer.

Officer Barker called out to Wilburn, who turned, looked at him, turned away and began to run. Officer Barker chased Wilburn. At one point during the chase, Wilburn put his hand into his pants pocket, withdrew it, and "flicked" a small, light-colored object away from himself. Officer Barker saw this from a distance of six to ten feet away. Officer Barker subsequently apprehended Wilburn. Police located a small plastic box containing crack cocaine in the same area where Officer Barker chased Wilburn. Officer Barker testified that this box was the small, light-colored object he saw Wilburn discard.

Wilburn alleges that the State did not conclusively demonstrate that the drugs found belonged to him. He points to his testimony that his pants pockets were full of holes and could not have held the drugs. He also contends that "in the heat of the chase," Officer Barker could not have seen him throw an object or remembered the exact location where it was thrown. Nonetheless, the jury was authorized to believe Officer Barker's testimony over Wilburn's.[2] Because a rational trier of fact could have found Wilburn guilty beyond a reasonable doubt of possessing cocaine, we find no merit to this enumeration of error.[3]

2. Wilburn asserts that his trial counsel was ineffective because he failed to call two potential witnesses and because he requested a jury charge on the lesser included offense of possession of cocaine. In order to establish ineffective assistance of counsel, Wilburn must show "both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different."[4] We affirm the trial court's ruling on a defendant's claim of ineffective assistance of counsel unless that determination is clearly erroneous.[5]

(a) Wilburn argues that trial counsel was deficient in failing to call two witnesses, Lee Phillips and Glenda Watkins, because these witnesses could have provided the jury with "a rational explanation, other than drugs, as to why [Wilburn] was [at the apartments]." But these witnesses did not testify at the hearing on Wilburn's motion for new trial, and thus he has not established what their testimony would have been.[6] Accordingly, Wilburn did not show that trial

---

[2] See *Howard v. State*, 262 Ga. App. 198, 199 (1) (585 SE2d 164) (2003); *Scott v. State*, 254 Ga. App. 728, 730 (3) (a) (563 SE2d 554) (2002).

[3] See *Crawford v. State*, 220 Ga. App. 786, 789 (2) (470 SE2d 323) (1996).

[4] *Wallace v. State*, 272 Ga. 501, 504 (3) (530 SE2d 721) (2000).

[5] See *Berry v. State*, 262 Ga. App. 375, 376 (2) (585 SE2d 679) (2003).

[6] See *Hunt v. State*, 278 Ga. 479, 480-481 (4) (604 SE2d 144) (2004); *Woods v. State*, 275 Ga. 844, 847 (3) (a) (573 SE2d 394) (2002).

counsel's performance, even if deficient, changed the outcome of the case.[7] Moreover, we fail to see how the testimony Wilburn claims these witnesses would have given, that he had a legitimate reason to be at the apartments, would overcome the evidence that he was in possession of cocaine while there.

(b) Wilburn asserts that trial counsel's performance was also deficient because counsel requested a jury charge on the lesser included offense of possession of cocaine. Wilburn contends that this gave the jury "an opportunity to compromise" when he might otherwise have been acquitted on the charge of possession with intent to distribute.

Strategic decisions made during trial are generally not reasons for finding ineffective assistance of counsel.[8] Decisions about which jury charges to request are strategic and "provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[9] Here, trial counsel testified about his rationale for requesting a charge on the lesser included offense:

> [t]he jury could either believe that Mr. Wilburn was the one who discarded the drugs or choose not to believe it. If they thought that he was the one, . . . then the most beneficial thing would be . . . to possibly get a conviction on a lesser included offense of simple possession. If the jury believed that he was not the one that discarded the drugs, then it wouldn't be an issue at all whether it's simple possession or possession with intent.

Additionally, trial counsel testified that he discussed this strategy with Wilburn, who did not object to it. And it was for the trial court to decide whether to believe this testimony or Wilburn's testimony that counsel never discussed this issue with him and that he would not have agreed to request the charge.[10] Because trial counsel gave a reasonable explanation of his strategic decision to request a charge on simple possession, Wilburn has not established ineffective assistance of counsel.[11]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[7] See *Hunt,* supra.

[8] See *Hazelrigs v. State,* 255 Ga. App. 784, 786 (2) (567 SE2d 79) (2002).

[9] *Williams v. State,* 262 Ga. App. 698, 700 (2) (588 SE2d 755) (2003).

[10] See *Carroll v. State,* 252 Ga. App. 142, 147 (4) (a) (555 SE2d 807) (2001).

[11] See *Berry,* supra at 376-377 (2) (a).

DECIDED MARCH 7, 2006.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Grady A. Moore, Dana J. Norman, Assistant District Attorneys*, for appellee.