A06A2342. WHEAT v. THE STATE.
(639 SE2d 578)

ELLINGTON, Judge.

A Monroe County jury found Jerry Wheat guilty of child molestation, OCGA § 16-6-4 (a), based upon evidence of sexual acts with his six-year-old step-granddaughter. On appeal from the denial of his motion for new trial, Wheat contends he received ineffective assistance of counsel at trial. Finding no error, we affirm.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The criminal defendant must overcome the strong presumption

---

that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001).

1. Wheat claims that his trial counsel was ineffective because he "failed to conduct any meaningful background investigation prior to trial in this case." Wheat argues that counsel failed to call any defense witnesses or present any evidence at trial, did not subject him (Wheat) to a pre-trial psychosexual examination, did not search the victim's school or medical records for favorable evidence, and did not have an expert review the victim's videotaped interview with the police. The trial court considered these arguments during the hearing on Wheat's motion for new trial and found that "counsel was not only competent but was successful in defending all but one count" of a four-count indictment.[1] Having reviewed the record, we agree with the court and find that Wheat's arguments lack merit.

(a) The record shows that, during the hearing on Wheat's motion for new trial, trial counsel testified that he had spent 70-100 hours preparing for Wheat's case, and Wheat admitted that counsel met with him at least once a week while he was incarcerated. Counsel testified that he filed pre-trial motions, reviewed the State's file on the case, interviewed witnesses, discussed defenses with Wheat, conveyed a negotiated plea offer to Wheat, and pursued a defense that a different perpetrator had committed the offenses against the victim. Accordingly, the record supports a finding that counsel's preparation for trial was not deficient. *Vanholten v. State*, 271 Ga. App. 782, 783 (2) (a) (610 SE2d 555) (2005).

(b) Although Wheat complains that counsel did not call any witnesses in his defense at trial, he admitted during the motion hearing that counsel had explained that he wanted to preserve the right to have the final argument to the jury.[2] The record supports a

---

[1] The indictment charged Wheat with committing four separate acts of child molestation against the same victim, and the jury acquitted him on three of those charges.

[2] At the time of Wheat's June 2001 trial, the last sentence of OCGA § 17-8-71 read, "If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." In 2005, the legislature amended the statute by deleting this sentence and providing instead that "[t]he defendant shall be entitled to make

finding that counsel's decision not to call defense witnesses in order to preserve the right to the final closing argument in this case was a strategic decision that fell within the bounds of reasonable trial strategy. *Hunt v. State*, 278 Ga. 479, 481 (4) (604 SE2d 144) (2004). Further,

> [t]o establish the prejudicial effect of trial counsel's failure to present certain evidence, an appellant is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case. Absent a proffer of what the testimony of [the alleged witnesses] would have been at trial, [an appellant] cannot show that there is a reasonable probability that the outcome of the trial would have been different had his counsel taken the suggested course.

(Citations and punctuation omitted.) *Corbett v. State*, 277 Ga. App. 715, 720 (2) (627 SE2d 365) (2006). Because Wheat failed to proffer during the motion hearing the testimony of any witnesses who would have provided testimony at trial that was favorable for the defense and would have changed the outcome of the trial, he has failed to carry his burden of showing that trial counsel's failure to call the witnesses prejudiced his defense. Id. Therefore, this ineffectiveness claim must fail. Id.

(c) Wheat also argues that counsel should have had him submit to a psychosexual examination before trial, should have reviewed the child's school and medical records for impeaching evidence, and should have had an expert review the victim's videotaped statement to police. Pretermitting whether counsel's failure to do these things constituted deficient performance, Wheat failed to proffer any evidence at the motion for new trial hearing to show that the exams and reviews would have elicited any admissible evidence that would have changed the outcome of the trial. *Corbett v. State*, 277 Ga. App. at 720 (2). Accordingly, he has failed to meet his burden of showing that he was prejudiced as a result of counsel's omissions, and this ineffective assistance claim must fail. Id.

2. Wheat also argues that his trial counsel was ineffective because he had a conflict of interest which may have compromised his ability to defend Wheat on the criminal charges. It is undisputed that Wheat did not object to the trial court concerning the purported conflict of interest. "To establish ineffective assistance of counsel due

---

a closing argument prior to the concluding argument of the prosecuting attorney," regardless whether the defendant presented evidence at trial. See Ga. L. 2005, p. 20, § 10, effective July 1, 2005.

to a conflict of interest on the part of trial counsel, a defendant who raised no objection at trial must prove that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." (Citations and punctuation omitted.) *Sartin v. State*, 223 Ga. App. 759, 759-760 (1) (479 SE2d 354) (1996).

The record shows that, between the time trial counsel was appointed to represent Wheat on his criminal charges and the date of Wheat's trial, Wheat hired trial counsel to represent him in his pending divorce from his wife, the victim's maternal grandmother. According to trial counsel, during the divorce negotiations, Wheat's wife's attorney suggested that, if Wheat would agree to "certain things" in the divorce, the "victim's family" would ask the prosecutor for leniency in Wheat's criminal case.

On appeal, Wheat contends that, as a result of his wife's attorney's offer to ask for leniency in exchange for concessions in the divorce case, his trial counsel could have been a witness in his criminal trial regarding the motives and credibility of his wife's daughter (the victim's mother) and granddaughter (the victim), both of whom testified at trial.[3] See Rules of Professional Conduct of the State Bar of Georgia, Rule 3.7 (prohibiting an attorney from representing a client at trial if the lawyer "is likely to be a necessary witness," except under certain situations). There is no evidence, however, that either the victim or her mother ever authorized or even knew about the attorney's offer to ask the State for leniency in exchange for concessions in the divorce. Wheat's suggestion that the victim's allegations of child molestation were in any way motivated by or related to his divorce proceedings is pure conjecture. Nor does Wheat point to any evidence in the record that, during the divorce negotiations, counsel actually obtained any information concerning the credibility of the victim or her mother that would have been admissible at Wheat's criminal trial. Accordingly, Wheat has failed to show that counsel had an actual conflict of interest because he was "likely to be a necessary witness" at trial. "Where the contention [on appeal] is only the possibility of conflict, this is insufficient to impugn a criminal conviction." (Citation and punctuation omitted.) *Angevine v. State*, 171 Ga. App. 658, 660 (4) (320 SE2d 578) (1984).

"Moreover, if [Wheat] thought trial counsel had a conflict, he should have voiced his objection to the court before trial. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citation and

---

[3] Wheat's wife did not testify at trial, and Wheat has failed to show that she had any first-hand knowledge about the crimes for which he was charged.

punctuation omitted.) *Sartin v. State*, 223 Ga. App. at 760 (1). Because Wheat has failed to show that counsel had an actual conflict of interest which adversely affected his counsel's performance at trial, this ineffective assistance claim must fail. Id.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 30, 2006.

*Matthew W. Bridges*, for appellant.

*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.