S08A0833. LUPOE v. THE STATE.
(669 SE2d 133)

MELTON, Justice.
Following a jury trial, Vincent Lupoe was found guilty of aggravated assault, theft by taking, and three counts of felony murder based on his actions in beating Tyler Kane with a pistol and

---

running over Kane with a car, resulting in Kane's death.[1] On appeal, Lupoe contends that the evidence was insufficient to support guilty verdicts on one of the felony murder counts, one of the aggravated assault counts, and the robbery by force count; that the trial court erred in denying his requests to charge on vehicular homicide and reckless conduct; and that his trial counsel was ineffective. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on June 16, 2003, Lupoe pulled Kane out of his car, beat Kane with a pistol, stole Kane's car, and deliberately backed over Kane with the same car, killing him. Prior to the crime, Lupoe told an eyewitness to the crime that he planned on robbing Kane. This eyewitness, who had known Lupoe for several years, then saw Lupoe pull Kane from his car, pistol whip him, and then back over Kane with his car. In addition, phone records showed that Lupoe had used Kane's phone after his death. Kane died from blunt force injuries to the head, and he had a number of other injuries, some of which were consistent with a "pistol whipping." This evidence was sufficient to enable a rational trier of fact to find Lupoe guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[2]

2. Lupoe claims that the trial court erred in denying his requests to charge the jury on the lesser included offenses of vehicular homicide and reckless conduct. However, the record reveals that Lupoe either committed a violent robbery by intentionally beating up Kane and running him over with his car, or, as the defense theorized at trial, that other individuals committed the crime and that Lupoe accidentally ran over Kane. Where, as here, "the evi-

---

[1] On September 12, 2003 Lupoe was indicted for malice murder, four counts of felony murder (with aggravated assault, aggravated assault with a motor vehicle, robbery by force, and theft by taking as each of the underlying offenses), aggravated assault, aggravated assault with a motor vehicle, robbery by force, and theft by taking. Following a jury trial that took place on November 29-December 2, 2004, and that continued on December 22-23, 2004, Lupoe was found guilty of one count of aggravated assault, theft by taking, and three counts of felony murder (aggravated assault, robbery by force, and theft by taking). Lupoe was acquitted on the remaining counts. Lupoe was sentenced to life in prison for one count of felony murder (aggravated assault), and the other charges were merged into the felony murder count for sentencing purposes. Lupoe filed a motion for new trial on November 17, 2006, which was denied on June 28, 2007. His appeal was docketed in this Court on January 29, 2008, and submitted for decision on the briefs.

[2] To the extent that Lupoe argues that the evidence was insufficient to support a conviction for felony murder based on robbery by force, such contention is moot "because the trial court merged that count into [another] count for purposes of sentencing." (Citation omitted.) *Ramirez v. State*, 288 Ga. App. 249, 252 (3) (653 SE2d 837) (2007). Furthermore, any complaint about the failure to direct verdicts on the aggravated assault by motor vehicle and robbery by force counts is also moot because Lupoe was acquitted of those offenses. See *Matthews v. State*, 268 Ga. 798 (5) (493 SE2d 136) (1997).

dence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense." (Citations and punctuation omitted.) *Martin v. State*, 268 Ga. 682, 685 (7) (492 SE2d 225) (1997).

3. Lupoe argues that his trial counsel was ineffective for failing to (a) object to a State's witness reading aloud from a transcript during his trial testimony; (b) investigate a potential alibi witness; (c) adequately consult with Lupoe on trial strategy; (d) adequately inform Lupoe of his right to testify; (e) obtain certain certified convictions to impeach a State's witness; (f) file a pre-trial motion to challenge a State's witness' identification of Lupoe as the assailant; (g) request a charge on the grant of immunity and leniency to the State's witnesses; and (h) file a special demurrer to Count 4 of the indictment, which charged Lupoe with felony murder based on robbery by force. In order to succeed on a claim of ineffective assistance, Lupoe must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " '[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) The record reveals that appellate counsel did not ask trial counsel any questions at the motion for new trial hearing regarding trial counsel's decision not to object to one of the State's witnesses, Kowanish Snelson, reading aloud two sentences from his statement to police. The decision not to object "is therefore presumed to be a strategic one that does not amount to ineffective assistance." (Footnote omitted.) *Ballard v. State*, 281 Ga. 232, 234 (2) (637 SE2d 401) (2006). Indeed, the trial transcript supports the idea that counsel's decision was strategic, as part of trial counsel's strategy during his cross-examination of Snelson was to use specific portions of Snelson's statement against him to undermine the version of events that he presented at trial.

(b) The alleged alibi witness that Lupoe claims should have been investigated by his trial counsel did not testify at the motion for new trial hearing. Nor did Lupoe present a legally acceptable substitute for this witness' testimony to substantiate his claim that this testimony would have been favorable to his defense. Therefore,

Lupoe cannot meet his burden of showing ineffective assistance based on counsel's failure to call this witness at trial. *Dickens v. State*, 280 Ga. 320 (2) (627 SE2d 587) (2006).

(c) Trial counsel testified at the motion for new trial hearing that he conferred with Lupoe and thoroughly discussed trial strategy with him well before trial and during the trial itself. Thus, evidence supports the trial court's conclusion that Lupoe did not meet his burden of showing ineffective assistance in this regard. See, e.g., *Mitchell v. State*, 279 Ga. 158 (2) (611 SE2d 15) (2005).

(d) Similarly, the record reveals that trial counsel discussed with Lupoe his right to testify in his own defense, and that Lupoe chose not to testify after being fully informed of his right to do so. Indeed, Lupoe admitted at the motion for new trial hearing that he knew that the decision was his to make. Thus, evidence supports the conclusion that Lupoe did not meet his burden of showing ineffective assistance. *Mobley v. State*, 264 Ga. 854 (2) (452 SE2d 500) (1995).

(e) There is no evidence of record in this case that certified criminal convictions actually existed with respect to any of the State's witnesses, and trial counsel testified at the motion for new trial hearing that he investigated the criminal backgrounds of all of the State's witnesses. In any event, "[h]ow to conduct cross-examination is a strategic and tactical decision within the exclusive province of the attorney after consultation with the client." (Citation omitted.) *Phillips v. State*, 277 Ga. 161, 163 (b) (587 SE2d 45) (2003). Similarly, "[s]trategic decisions regarding which defense theories to pursue . . . are [also] within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance." (Citation omitted.) *Smith v. State*, 283 Ga. 237, 240 (2) (c) (657 SE2d 523) (2008). Here, trial counsel's strategy was to show that several of the witnesses had the ability to cover up their own involvement in the crime, that Lupoe's fingerprints were not found in the victim's car, and that the gun was never found by police. The use of impeachment evidence against State's witnesses was not an integral part of this reasonable trial strategy. Thus, assuming that any certified convictions for State's witnesses actually existed, trial counsel's failure to use such impeachment evidence did not amount to ineffective assistance. See *Smith*, supra, 283 Ga. at 240 (2) (c).

(f) Lupoe contends that his trial counsel was ineffective for failing to file a pre-trial motion to challenge Snelson's eyewitness identification of Lupoe as the assailant. However, "[t]he failure to pursue a futile objection does not amount to ineffective assistance." (Citation omitted.) *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008). Here, there was no basis for excluding the eyewitness identification of Snelson, who had known Lupoe for several years, spoke with Lupoe about the crime just before Lupoe committed it,

saw Lupoe pistol whip Kane and back over him with a car, and did not identify Lupoe through the use of any sort of photo lineup. The failure of Lupoe's trial counsel to file a meritless motion in an attempt to exclude this testimony therefore cannot amount to ineffective assistance. See id. See also *Williams v. State*, 290 Ga. App. 829 (7) (a) (661 SE2d 563) (2008).

(g) Although there is no evidence of record that any promises of leniency were made by the State to Snelson in exchange for his trial testimony, and appellate counsel concedes in his brief that no such promises were made, Lupoe contends that trial counsel was ineffective for failing to request a jury charge on the grant of immunity and leniency to a State's witness. Because such a charge would not have been adjusted to the evidence, however, "trial counsel did not render ineffective assistance by failing to request [this] charge." *Stinchcomb v. State*, 280 Ga. 170, 174 (5) (626 SE2d 88) (2006).

(h) Trial counsel's failure to file a special demurrer to Count 4 of the indictment, charging Lupoe with felony murder based on robbery by force, also did not amount to ineffective assistance. As shown in Division 1, supra, because this count was merged with the other felony murder counts for sentencing purposes, Count 4 had no effect on Lupoe's sentence. In any event, "[a] review of the indictment demonstrates that it is not defective and, even if it were, [because Lupoe suffered no harm as shown above,] the failure to file a special demurrer still would not support a finding of the violation of the constitutional right to effective legal representation." (Citation omitted.) *Cotton v. State*, 279 Ga. 358, 361 (5) (613 SE2d 628) (2005).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 2008.

*Brandon Lewis*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.