S09A0857. MANRIQUEZ v. THE STATE.
(684 SE2d 650)

CARLEY, Presiding Justice.

A jury found Miguel Manriquez guilty of malice murder, felony murder, aggravated assault and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction and sentenced him to life imprisonment for malice murder, twenty years in prison for aggravated assault and five years confinement for the firearm offense. The felony murder verdict was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Manriquez appeals after the denial of a motion for new trial.[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Manriquez shot and killed Ezequiel Nunez, and threatened Joe Hall with a gun. The evidence was sufficient for a rational trier of fact to find Manriquez guilty beyond a reasonable doubt of murder and the other offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[*] The crimes occurred on May 15, 2003, and the grand jury returned the indictment on August 20, 2003. The jury found Manriquez guilty on August 24, 2006, and the trial court entered judgment on September 7, 2006. Manriquez filed a motion for new trial on September 13, 2006. An amended motion for new trial was filed on October 3, 2008, and was denied on December 9, 2008. The notice of appeal was filed on December 18, 2008. The case was docketed in this Court on February 13, 2009, and was submitted for decision on the briefs.

2. Manriquez contends that his trial counsel was ineffective in failing to call four witnesses who gave descriptions of the shooter that differed from the description given by Hall. To prevail on an ineffectiveness claim, a defendant has the burden of establishing that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Hunt v. State*, 278 Ga. 479, 480 (604 SE2d 144) (2004).

> When a defendant claims that trial counsel performed deficiently in failing to [call] a witness for trial, the defendant may not rely on hearsay and speculation, including prior unsworn statements, to prove the prejudice prong of his ineffectiveness claim. [Cits.]

*Brooks v. State*, 285 Ga. 246, 250 (4) (c) (674 SE2d 871) (2009). Rather, the defendant must introduce either testimony from the uncalled witness or a legally recognized substitute for his testimony, such as an affidavit. *Brooks v. State*, supra; *Lupoe v. State*, 284 Ga. 576, 578 (3) (b) (669 SE2d 133) (2008); *Dickens v. State*, 280 Ga. 320, 322 (2) (627 SE2d 587) (2006). Here, Manriquez did not call the four witnesses to testify at the motion for new trial hearing, or present a legally acceptable substitute for their testimony, and instead relied on copies of their unsworn statements to police. Under these circumstances, Manriquez has failed to carry his burden of proving that he was prejudiced by counsel's failure to call the witnesses at trial. See *Brooks v. State*, supra; *Lupoe v. State*, supra; *Dickens v. State*, supra; *Hudson v. State*, 277 Ga. 581, 584-585 (4) (a) (591 SE2d 807) (2004).

Moreover, it is well established that counsel's decisions as to which defense witnesses to call are matters of trial strategy and tactics. *Simpson v. State*, 277 Ga. 356, 359 (4) (c) (589 SE2d 90) (2003). In this case, Manriquez did not call his trial attorney to testify at the motion for new trial hearing. Consequently, he made no affirmative showing that the purported deficiency in the lawyer's representation was indicative of ineffectiveness, as opposed to being an example of a conscious, deliberate and reasonable trial strategy. See *Hayes v. State*, 279 Ga. 642, 645 (3) (619 SE2d 628) (2005); *Prince v. State*, 277 Ga. 230, 234 (3) (587 SE2d 637) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Assistant*

*District Attorney, Thurbert E. Baker, Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.