## S12A0686. CARTWRIGHT v. THE STATE.
### (731 SE2d 353)

HUNSTEIN, Chief Justice.

Derrick Cartwright was convicted of felony murder, aggravated assault, and possession of a firearm during the commission of a crime.[1] The trial court denied Cartwright's motion for a new trial and he appeals, challenging only the effectiveness of his trial counsel. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in the early morning hours of April 3, 2006, Kevin Stafford stopped his car in front of Diane Ruhl's house in Columbus, Georgia to purchase drugs. Cartwright approached Stafford's car and confronted him about a drug debt. While Stafford was still sitting in the car, Cartwright shot him in front of several witnesses. Stafford managed to drive a short distance before crashing his car into a nearby house. When police arrived, they found Stafford's body inside his car with a bullet wound to his neck. Police also found a single .380

---

[1] The crimes occurred on April 3, 2006. Cartwright was indicted in Muscogee County on charges of malice murder, as well as the charges of which he was convicted. He was sentenced to life imprisonment on the felony murder charge, five consecutive years on the possession charge, and the aggravated assault conviction merged into the felony murder conviction. His motion for new trial, filed May 2007 and amended twice, was heard August 12, 2011, and denied November 4, 2011. A notice of appeal was filed November 8, 2011. The appeal was docketed for the April term in this Court and was submitted for decision on the briefs.

caliber bullet and shell casing inside the car. Two witnesses had seen Cartwright with a .380 semi-automatic pistol earlier in the evening.

1. The evidence in this case was sufficient for the jury to conclude beyond a reasonable doubt that Cartwright was guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. All three of Cartwright's enumerations of error center on his contention that he received ineffective assistance of counsel. Georgia courts recognize a "strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003) (citation omitted). In order to overcome this presumption, Cartwright must establish not only that trial counsel's performance was deficient, but also that the deficiency so prejudiced the defense that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) Cartwright first alleges that he received ineffective assistance of counsel because his trial counsel advised him that his juvenile record could be used to impeach him if he testified. He contends that he would have testified on his own behalf if his lawyer had not incorrectly advised him regarding his juvenile record. This allegation lacks merit.

Cartwright cannot conclusively establish that his trial counsel indeed advised him that his juvenile record could be used to impeach him if he testified. At the hearing on Cartwright's motion for new trial, his trial counsel testified that he did not remember telling Cartwright his juvenile record could come in; however, he had no specific recollection of the conversation with Cartwright given that it happened so long ago. He testified that he has tried a lot of cases and he always has a conversation with his client about the wisdom of testifying. He does not remember ever advising any client not to testify because their juvenile record could be used against them. He stated that he believes the statute is clear that you cannot use a juvenile finding of delinquency against a defendant in a criminal trial.

Only Cartwright and his mother testified to the contrary at the motion for new trial hearing, and the mother testified that she did not discuss trial counsel's advice with her son, nor did she hear what the trial attorney told Cartwright during the proceedings. "On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous." *King v. State*, 282 Ga. 505, 506 (2) (651 SE2d 711) (2007). Apparently, the trial court credited trial counsel's testimony

that he would not have advised a client that his juvenile record could be used to impeach him over that of Cartwright and his mother. We find that the trial court's credibility determination at the hearing on the motion for new trial was not clearly erroneous. Further, the trial court recognized that trial counsel, given his superior knowledge regarding his client's strength as a witness, may have had other legitimate reasons for advising Cartwright not to testify. In sum, Cartwright has failed to establish that trial counsel performed deficiently in this respect.

(b) Cartwright next asserts that he received ineffective assistance of counsel because trial counsel failed to impeach the testimony of the detective who testified that Cartwright did not raise an alibi defense in his initial interview with police. At trial, Detective Andrew Tyner of the Columbus Police Department testified that Cartwright did not mention an alibi during his initial interview following his arrest. Cartwright claims that Detective Bernard Spicer, also of the Columbus Police Department, testified at a preliminary hearing that Detective Tyner had told him that Cartwright stated that he was at home with his mother and sister at the time of the murder.

When a defendant bases his ineffective assistance of counsel claim on counsel's decision not to call a particular witness, he "must introduce either testimony from the uncalled witness or a legally recognized substitute for his testimony." *Manriquez v. State*, 285 Ga. 880, 881 (2) (684 SE2d 650) (2009). He may not rely on hearsay and speculation. Id.

Cartwright did not call Detective Spicer to testify at the motion for new trial hearing, nor did he introduce a transcript of the detective's testimony from the preliminary hearing. As such, Cartwright has failed to establish a reasonable probability that the outcome of the trial would have been different if Detective Spicer's testimony had been introduced to impeach that of Detective Tyner. Therefore, the second prong of the *Strickland* test is not met.

(c) Finally, Cartwright claims that he received ineffective assistance of counsel because trial counsel did not move the court to inquire of one juror whether the second jury verdict was freely and voluntarily entered after that juror had indicated the initial verdict was not. The trial court polled the members of the jury when the jury returned its initial verdict. When the judge asked Juror Hardaway if the verdict arrived at was her verdict, she answered in the affirmative. When the judge asked whether it was "[f]reely and voluntarily arrived at," the juror answered "no." When the judge sought clarification, the juror explained that she was not forced into the verdict, but said, "It's just everybody agreed and I went along with it." The trial court properly sent the jury back to deliberate further and they

returned later with the same verdict. This time, the judge asked Juror Hardaway if the guilty verdict was her verdict in the jury room and if it was still her verdict "out here." Juror Hardaway answered "yes" to both questions. Nevertheless, Cartwright now complains that trial counsel's failure to move the court to ask Juror Hardaway whether the second verdict was freely and voluntarily entered constitutes ineffective assistance of counsel.

The purpose of polling the jury "is to insure that each member of the jury assents to the verdict, and for the court to discern possible coercion." *Benefield v. State*, 278 Ga. 464, 466 (602 SE2d 631) (2004). This Court has "held that the questions, 'Was that your verdict?' and 'Is it now your verdict?' meet the minimum requirements of the defendant's right to a poll of the jurors." Id. at 465. Voiced reservations do not prevent a verdict from being free and voluntary and unanimous. *Rouse v. State*, 265 Ga. 32 (3) (453 SE2d 30) (1995).

Juror Hardaway's response to the initial polling questions did not indicate that she was coerced into assenting to the verdict. Her response merely revealed that she had some reservations. Additionally, the trial court's questions to Juror Hardaway after the jury returned the second time met the minimum requirements to satisfy Cartwright's right to poll the jury. Therefore, there is no merit to Cartwright's claim that he received ineffective assistance of counsel when his attorney failed to move the trial court to ask Juror Hardaway whether the second verdict was freely and voluntarily entered.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*William J. Mason*, for appellant.
*Julia Fessenden Slater, District Attorney, William D. Hocutt IV, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.