**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**April 20, 2016**

# In the Court of Appeals of Georgia

A16A0299. SMITH v. THE STATE.                    PE-010C

PETERSON, Judge.

Following a jury trial, Reginald Falandos Smith was convicted of armed robbery. Smith appeals from the denial of his motion for new trial and argues that trial counsel was ineffective for failing to call three witness who would have corroborated his defense and for failing to request a jury charge on the lesser included offense of robbery. Smith has not demonstrated that he received ineffective assistance of counsel because he did not introduce the testimony from these three uncalled witnesses, which was necessary to demonstrate prejudice, and he was not entitled to a jury charge on the lesser included offense of robbery. Therefore, we affirm his convictions.

Viewed in the light most favorable to the verdict, the evidence shows that one morning in February 2011, the victim, who owned a taxi service, received a call from Smith requesting a taxi ride. After the victim picked up Smith, Smith directed the victim to an apartment. When the victim came to a stop, Smith asked the victim whether he had change for a $50 bill. The victim said that he might and began looking. The victim turned around when he heard Smith moving in the back seat and saw Smith holding a gun. Smith ordered the victim not to move, demanded money, and struck the victim with the gun. Smith then pointed the gun at the victim's back, threatened to kill him if he moved, reached into the victim's pocket, and took about $40. Smith asked the victim whether he had any more money, and the victim told him that he had just started work and that was all the money he had. Smith then fled.

The victim called the police and gave the responding officers a physical description of Smith and showed the officers his caller ID log from his cell phone. The last entry showed a call from "Tracy Williams," but the victim did not identify Williams as his assailant during a photo lineup. The police subsequently requested the cell phone records for the incoming phone number, which revealed that Smith was listed as the subscriber with a Lawrenceville address that Smith later conceded was his residence. The records also revealed that Smith had cancelled his cell phone

account about 40 minutes after placing the initial call to the victim. Police officers subsequently prepared a second photo lineup containing Smith's picture, and the victim positively identified Smith as his assailant. Smith was arrested soon thereafter.

At trial, Smith admitted that he called the victim for taxi service because he wanted a ride to meet his friend "Dra," who was partying with some women, including someone named "Jill." Smith did not have money to pay for the taxi fare and claimed that when the taxi arrived at Dra's apartment complex, he ran to Dra's apartment without paying the fare. Smith denied robbing the victim or carrying a gun during the taxi ride.

1. Smith argues that trial counsel was ineffective for failing to present the testimony of three individuals who were at Dra's apartment on the morning of the robbery, because these witnesses would have corroborated Smith's testimony that he told the witnesses that he had failed to pay the fare. We disagree.

"To prevail on an ineffectiveness claim, a defendant has the burden of establishing that his counsel's performance was deficient and that the deficiency prejudiced his defense." *Manriquez v. State*, 285 Ga. 880, 881 (2) (684 SE2d 650) (2009) (citations omitted). "The decision to call a defense witness is a matter of trial strategy and tactics within the province of the lawyer after consultation with the

3

client." *Williams v. State*, 292 Ga. 844, 854 (3) (h) (742 SE2d 445) (2013) (citations omitted).

> When a defendant claims that trial counsel performed deficiently in failing to call a witness for trial, the defendant may not rely on hearsay and speculation, including prior unsworn statements, to prove the prejudice prong of his ineffectiveness claim. Rather, the defendant must introduce either testimony from the uncalled witness or a legally recognized substitute for his testimony, such as an affidavit.

*Manriquez*, 285 Ga. at 881 (2) (citations and punctuation omitted).

At the motion for new trial hearing, Smith testified that he told trial counsel about the three witnesses, trial counsel did not consult with him about his case, and trial counsel apologized for not meeting him before preparing for trial. Although Smith did not call trial counsel to testify at the hearing on his motion for new trial, Smith introduced into evidence the Supreme Court of Georgia's since-vacated opinion disbarring trial counsel for, among other things, his pattern of abandoning clients.

Regardless of whether trial counsel's failure to call the witnesses was deficient, Smith has failed to establish prejudice. Smith claims that these witnesses would have corroborated his trial testimony that he told the witnesses he bailed on the taxi fare.

But at the motion for new trial hearing, Smith had trouble identifying the witnesses, as he stated that he remembered "Dra and two other females. I don't remember their names." Smith also failed to call these witnesses to testify at the hearing on his motion for new trial, nor did he present a legally acceptable substitute for their testimony. Because Smith was required to introduce such evidence to prove the prejudice prong of his ineffectiveness claim, his claim fails. *See Manriquez*, 285 Ga. at 881 (2); *Lupoe v. State*, 284 Ga. 576, 578-579 (3) (b) (669 SE2d 133) (2008); *see also Wesley v. State*, 286 Ga. 355, 358 (3) (h) (689 SE2d 280) (2010) (defendant was not prejudiced by trial counsel's failure to introduce cumulative evidence corroborating the defendant's claims).

2. Smith next argues that trial counsel was ineffective for failing to request a jury charge on the lesser included offense of robbery. We disagree.

"Decisions as to which jury charges will be requested . . . fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." *Davis v. State*, 296 Ga. 126, 131 (3) (765 SE2d 336) (2014) (citation and punctuation omitted). The trial court should charge the jury on a lesser included offense when some evidence, even if slight, is presented that shows that a defendant

5

committed that offense. *Crowley v. State*, 315 Ga. App. 755, 758 (2) (728 SE2d 282) (2012). "However, when the State's evidence establishes all of the elements of an offense, and there is no evidence raising the lesser included offense, the trial court does not err in refusing to give a charge on the lesser offense." *Id.* (citations omitted); *see also Clark v. State*, 279 Ga. 243, 247 (7) (611 SE2d 38) (2005) (where the evidence in the record "shows completion only of the greater offenses, it is unnecessary for the trial court to charge on the lesser offenses.") (citation and punctuation omitted).

Here, the State presented evidence showing that Smith used a firearm to commit the robbery. Smith, however, presented no evidence showing that he robbed the victim without the use of a firearm. Indeed, Smith maintained that he did not rob the victim, but merely chose not to pay for the taxi service. Because the evidence does not reasonably raise the issue that Smith may be guilty *only* of the lesser crime of robbery, trial counsel's failure to request a jury charge on robbery cannot support a claim of ineffective assistance. *See Gross v. State*, 312 Ga. App. 362, 365 (2) (718 SE2d 581) (2011); *Chancey v. State*, 258 Ga. App. 319, 321 (4) (a) (574 SE2d 383) (2002).

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur*.

6