# Court of Appeals
# of the State of Georgia

ATLANTA,  August 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2077. REGINALD SMITH v. THE STATE.**

A jury found Reginald Smith guilty of armed robbery, and his conviction was affirmed on appeal. See *Smith v. State*, 336 Ga. App. 876 (785 SE2d 418) (2016). Thereafter, Smith filed a "Motion to Vacate/Correct Illegal Sentence and Judgment," asserting that the State failed to provide sufficient notice of its intent to seek recidivist punishment. The trial court denied the motion, and Smith filed this direct appeal. We, however, lack jurisdiction.

As the Supreme Court has explained, a post-conviction motion to vacate an allegedly void conviction is not an appropriate remedy in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts*, supra; *Harper*, supra.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Smith does not argue that his sentence falls outside the permissible statutory range; rather, he contends that the State failed to follow the appropriate procedure in seeking recidivist punishment. But the State's failure to provide proper notice of intent to seek recidivist punishment does not render the subsequent sentence void. See *Ward v. State*, 299 Ga. App. 63, 64-65 (682 SE2d 128) (2009).

Because Smith has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/01/2017          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

, *Clerk.*