## A98A1316. BOONE v. THE STATE.
(506 SE2d 884)

SMITH, Judge.

Timothy Earl Boone was indicted for murder. He was found guilty by a jury of voluntary manslaughter, and he appeals. We find no error, and we affirm.

The record shows that Boone was separated from his wife, Pearlie, and that Pearlie was living with Henry Steedley. Boone admitted he did not want his marriage to end and was upset that Pearlie had filed for divorce. Both Pearlie and a neighbor testified that to observe Pearlie, Boone had parked his truck near the trailer in which she and Steedley were living. In the early evening on the date in issue, Pearlie, Steedley, and Pearlie's three children drove to a gas station in Fargo, Georgia. Boone was parked across the street. He watched Pearlie and her children enter the station. When they returned, Steedley left the car. He crossed the street at "a slow jog" to Boone's truck. He was unarmed. Boone took his knife out of its sheath as Steedley crossed the road and stabbed him in the chest, causing him to bleed to death. Boone then drove to the home of a deputy sheriff, handed him the bloody knife, and told him what had transpired.

1. Boone contends the trial court erred in denying his motion in limine to exclude certain letters Boone wrote to Pearlie during their separation. The letters included at least arguable threats directed at Pearlie. But the letters did not mention Steedley, and the threats in the letters, which involved taking Pearlie's children from her, were not acted on.

"Threats, though remote, are admissible in murder trials for the purpose of showing motive and malice on the part of the accused. [Cits.]" *Vun Cannon v. State*, 208 Ga. 608, 612 (3) (68 SE2d 586) (1952). And the remoteness affects only the weight, not the admissibility of the evidence. Id.

At the hearing on the motion, the prosecutor stated the State's intention to introduce the letters to show Boone's motive and state of mind. Evidence of prior difficulties between the victim and the accused are admissible to show motive, intent, or bent of mind toward the victim. *Cannon v. State*, 257 Ga. 475, 478 (3) (360 SE2d 592) (1987). Although these letters do not include direct threats against Steedley, they do demonstrate prior difficulties between Boone and Steedley because Pearlie, Steedley, and Boone were involved in a romantic triangle; prior threats by Boone against Pearlie were therefore relevant to a crime against Steedley. The trial court did not err in admitting the letters.

2. Boone asserts error in the trial court's failure to give curative instructions or rebuke the prosecutor when the prosecutor made improper argument before the jury. We do not agree that the argu-

ment in issue was improper.

In closing argument, the prosecutor asked the jury: "[W]hen are you going to get tough on crime in Clinch County?" Boone objected and was overruled. In arguing to the jury, "[i]t is not improper for a prosecutor to appeal to the jury to convict for the safety of the community, or to stress the need for enforcement of the laws and to impress on the jury its responsibility in that regard. [Cit.]" *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996). See *Philmore v. State*, 263 Ga. 67, 69 (3) (428 SE2d 329) (1993).

3. The trial court charged the jury over Boone's objection on the lesser offense of voluntary manslaughter. The offense of voluntary manslaughter is committed when one "causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). Boone argues that the trial court erred in giving such a charge because no evidence was presented of the "sudden, violent, and irresistible passion" necessary to support it and that he stabbed Steedley in self-defense, so that the killing was either murder or justifiable homicide.

Contrary to Boone's argument, a charge on voluntary manslaughter is not restricted to situations involving mutual combat. Here, as in *Raines v. State*, 247 Ga. 504 (277 SE2d 47) (1981), "[a]lthough the appellant's testimony may have excluded voluntary manslaughter as a possible verdict, the evidence as a whole did not." (Citation and punctuation omitted.) Id. at 506 (1). Adulterous conduct provides sufficient provocation to authorize a charge on voluntary manslaughter. *Strickland v. State*, 257 Ga. 230, 231-232 (2), n. 2 (357 SE2d 85) (1987). And "[o]n the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. [Cits.]" *Henson v. State*, 258 Ga. 600, 602 (5) (372 SE2d 806) (1988). The trial court properly charged the jury on voluntary manslaughter.

4. Boone contends the trial court erred in failing to instruct the jury that it was their duty to acquit if they believed he was justified in killing Steedley. But the trial court gave all Boone's requests to charge, including Boone's requested charges on justification. Moreover, when asked by the trial court, Boone did not object to the charge or reserve objections. His only objection was to the charge on voluntary manslaughter. This amounts to a waiver of any other objections. *Early v. State*, 218 Ga. App. 869, 870 (463 SE2d 706) (1995).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 15, 1998 —

*Charles J. Steedley*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Ellen S. Golden, Assistant District Attorney*, for appellee.