## S01A0153. FLETCHER v. THE STATE.
### (545 SE2d 921)

THOMPSON, Justice.
Defendant Emmanuel Fletcher appeals his conviction for the malice murder of Travis Adams.[1] Finding no error, we affirm.

---

[1] Fletcher killed Adams on October 23, 1998. Fletcher was indicted on January 11, 1999, and charged with both malice murder and felony murder. Trial commenced on July 26, 1999, and the jury returned its verdict finding Fletcher guilty on both counts of the indictment. The trial court sentenced Fletcher to life in prison for malice murder on July 29, 1999.

Defendant dated Gwendolyn Robinson for a couple of years. After they broke up, Robinson met Adams at work and they started to date. Defendant continued to telephone Robinson, and to profess his love for her. Defendant went to Robinson's boss and told him to keep Robinson and Adams away from each other — or he would kill Adams. One week later, defendant drove to Robinson's sister's house. Robinson and Adams were sitting on the front porch. Fletcher parked in the driveway, got out of his car and said, "If I can't have you, ain't no one having you."

Defendant walked up to Adams and began hitting him with his fists. Then he stabbed Adams repeatedly — even after Adams was on the ground. Adams sustained numerous stab wounds, including two in the heart, one in the aorta, and one in each lung.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although the trial court instructed the State that it was not to introduce evidence of prior domestic violence between Robinson and defendant, Robinson stated that "[defendant] used to call over there and try to threaten me." When defendant objected, the trial court instructed the jury to disregard Robinson's remark. Thereupon, defendant moved for a mistrial. The trial court declined to grant the motion.

Defendant asserts the trial court erred in denying his mistrial motion. We disagree. Robinson's remark was relevant and admissible. *Boone v. State*, 234 Ga. App. 373 (1) (506 SE2d 884) (1998). Besides, where a witness for the State voluntarily injects prejudicial material, the trial court has discretion as to whether a mistrial is the only corrective measure, or whether the prejudicial effect can be corrected with a proper instruction. *Crawford v. State*, 256 Ga. 585, 586 (2) (351 SE2d 199) (1987). The trial court did not abuse its discretion in refusing to grant a mistrial.

3. The trial court did not abuse its discretion in permitting the State to introduce photographs of Adams' body and clothes. See *Hayes v. State*, 268 Ga. 809, 812 (5) (493 SE2d 169) (1997). Photographs portraying the location of a victim's body at the crime scene, and the nature, location and extent of the victim's wounds are material, relevant and admissible even if duplicative. *Jackson v. State*, 270 Ga. 494, 498 (8) (512 SE2d 241) (1999).

*Judgment affirmed. All the Justices concur.*

Fletcher's timely filed motion for a new trial was denied on July 25, 2000. Fletcher filed a notice of appeal on August 24, 2000. The case was docketed in this Court on October 12, 2000, and submitted for a decision on briefs on December 4, 2000.

DECIDED APRIL 30, 2001.

*Adrian L. Patrick*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.