A05A1003. HIMES v. THE STATE.
(618 SE2d 174)

MILLER, Judge.

Following a jury trial, Edward John Himes was convicted of theft by taking. On appeal he contends that his trial counsel was ineffective for failing to give him sufficient information to make an informed decision about whether to accept a guilty plea. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Himes entered a Wal-Mart carrying a CD cover and a t-shirt. Himes obtained pink return stickers for the CD cover and the t-shirt. Himes then went to the electronics section, where he placed the stickers on a television set and a home theater system. Himes then went to the refund desk and purported to return the television and the home theater system, where he received a gift card for over $500 for the items. Himes was stopped by Wal-Mart loss-prevention officers before leaving the store, and he admitted to the officers that he had made the fraudulent returns.

On the day of trial, Himes's counsel placed on the record the State's final plea offer, which was four years with twelve months to serve in a prison work camp. Himes had rejected this offer, and the State indicated that it would be requesting a harsher sentence if Himes were convicted after trial. Himes was convicted and sentenced to ten years with sixteen months to serve in a prison work camp.

Himes was the only witness to testify at the motion for new trial hearing. He argued that his trial counsel rendered ineffective assistance by giving him incomplete discovery and by failing to inform him that the State would introduce evidence of his prior convictions in aggravation of his sentence. He claimed that he would have accepted the State's plea offer if he had been given this information prior to trial. Himes admitted, however, that his first counsel had fully informed him that he could be sentenced as a recidivist and that the State would seek a ten-year-to-serve sentence if he were convicted.

A defendant is entitled to competent counsel who performs to the standards expected in the legal profession when deciding whether or not to plead guilty. *Lloyd v. State*, 258 Ga. 645, 646 (2) (373 SE2d 1) (1988). When a convicted defendant complains of counsel's alleged ineffective assistance, he must show that counsel's representation fell below the objective standard of reasonableness, considering all the circumstances, and that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (104 SC 2052, 80 LE2d 674) (1984). "[W]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Footnote omitted.) *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

Here, the record belies Himes's assertion that his decision to reject the State's plea offer resulted from any failing of his trial counsel. Himes knew of the State's plea offer and also knew that he could be sentenced as a recidivist if he was later convicted. With this knowledge, he chose to go to trial, taking the risk of receiving a harsher sentence. Evidence supported the trial court's findings that Himes's account of missing discovery documents allegedly affecting his plea decision lacked credibility, and that Himes's decision to reject the State's plea offer did not result from any ineffectiveness of his trial counsel. See *Whitehead v. State*, 211 Ga. App. 121, 123 (438 SE2d 128) (1993); see also *Taylor v. State*, 239 Ga. App. 329, 330 (521 SE2d 375) (1999).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JULY 21, 2005.

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.