A11A1718. SMITH v. THE STATE.
(724 SE2d 885)

MILLER, Judge.

A jury convicted Raymond Smith of false imprisonment (OCGA § 16-5-41 (a)). The trial court denied Smith's motion for new trial. On appeal, Smith contends that (i) the evidence was insufficient to sustain his conviction; (ii) the trial court's jury instructions erroneously defined false imprisonment in a manner not alleged in the indictment; (iii) the trial court's jury instructions failed to adequately define the element of "legal authority" for the false imprisonment offense; and (iv) trial counsel was ineffective in failing to object to the trial court's inadequate jury instructions. We discern no error and affirm.

> On review from a criminal conviction, we view the evidence in the light most favorable to the prosecution to

> determine only whether any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. We do not assess witness credibility or weigh the evidence, but determine only its sufficiency.

(Citations omitted.) *Port v. State*, 295 Ga. App. 109 (671 SE2d 200) (2008).

So viewed, the trial evidence showed that Smith resided with the twenty-year-old female victim and her mother. Smith and the victim's mother had been in a relationship for twelve years, and the victim considered Smith to be her stepfather.

On the evening of September 5, 2008, Smith was alone with the victim at the residence. The victim testified that she had fallen asleep in her bedroom and was suddenly awakened to find Smith naked and on top of her. The victim struggled with Smith, and eventually was able to raise herself out of the bed. The victim then ran toward the bedroom door in an effort to escape, but Smith blocked her from leaving. The victim described that Smith "stepped in front of [her] each way [she] went." When the victim "tried to go to the left, [Smith] blocked her; [she] tried to go to the right and he blocked [her]" again. Although the victim begged Smith to allow her to leave the bedroom, Smith refused and told the victim that he was "not going to let [her] leave." Thereafter, the victim managed to step around Smith and fled from the bedroom. The victim ran out of the residence, and reported the incident to her mother and to local law enforcement authorities.

Smith was later arrested and charged with the false imprisonment offense. At the ensuing trial, Smith testified in his defense. Smith claimed that after taking a shower, he returned to his bedroom and observed that money he had stashed on his bedroom dresser was missing. According to Smith, he suspected that the victim had stolen his money and, while naked, he went into her bedroom to confront her about the theft. Smith testified that when he confronted the victim, she ran around him and left the bedroom. Smith denied the accusations that he had blocked the victim's bedroom door and had prevented the victim from leaving the bedroom.

At the conclusion of the trial, the jury returned a verdict finding Smith guilty of the false imprisonment offense.

1. The evidence set forth above was sufficient to sustain Smith's conviction. "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). "[T]his statute on its face does not require that the imprisonment be for a specific length of time; . . . [a] brief detention is sufficient. Whether the detention amounted to false imprisonment

was for the jury to decide." (Punctuation and footnotes omitted.) *Rehberger v. State*, 235 Ga. App. 827, 828 (1) (510 SE2d 594) (1998). The victim's testimony that Smith blocked and prevented her from leaving the bedroom sufficiently established Smith's commission of the false imprisonment offense. See *Port*, supra, 295 Ga. App. at 110 (1); see also OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.").

Smith nevertheless contends that the evidence was insufficient to establish that he lacked legal authority to confine the victim. In this regard, Smith argues that he was legally authorized to conduct a "citizen's arrest" to question the victim about the theft of his money. His contentions are without merit.

The grounds for a "citizen's arrest" are governed by OCGA § 17-4-60, which pertinently provides that "[a] private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge." Moreover, OCGA § 17-4-61 (a) mandates that "[a] private person who makes an arrest pursuant to Code Section 17-4-60 shall, without any unnecessary delay, take the person arrested before a judicial officer, as provided in Code Section 17-4-62, or deliver the person and all effects removed from him to a peace officer of this [S]tate." The trial evidence did not support Smith's contention that his confinement of the victim was lawful under these provisions. Significantly, Smith testified that he was not present when the money was allegedly taken. His suggestion that the victim had committed the theft was based upon mere speculation. Smith's claim that he wanted "to question" the victim reflected that he was uncertain and did not have immediate knowledge that the victim had been the perpetrator of the alleged theft, as required for a lawful citizen's arrest. Compare *Merneigh v. State*, 242 Ga. App. 735, 738-739 (4) (531 SE2d 152) (2000) (concluding that a store employee's arrest of a defendant for shoplifting was lawful under OCGA § 17-4-61 (a) since the employee witnessed the shoplifting incident and the defendant activated the store's security system as he attempted to exit the store). Moreover, Smith testified that he had no intention of reporting the alleged theft to the police. As such, there was no evidence that Smith's confinement of the victim complied with the requirements of a citizen's arrest under OCGA § 17-4-61 (a). See, e.g., *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880, 884-885 (12 SE2d 398) (1940) (concluding that the defendant's citizen's arrest of a minor child was unlawful and amounted to a false imprisonment since there was no evidence that the child had committed an offense in the defendant's presence and the defendant did not thereafter take the child before any magistrate, as required). Rather, the trial evidence showed that Smith had confined the victim in the bedroom without lawful authority. Smith's false imprisonment

conviction was thus authorized. See OCGA § 16-5-41 (a); *Port*, supra, 295 Ga. App. at 110 (1).

2. Smith next contends that the trial court's jury instructions erroneously defined false imprisonment in a manner not alleged in the indictment. Again, we discern no reversible error.

The trial court instructed the jury that "[a] person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." The indictment pertinently charged that Smith had committed false imprisonment in that he "did unlawfully confine [the victim] without legal authority." Smith contends that by reading the entire statutory definition of the false imprisonment offense, the trial court's instruction allowed the jury to find him guilty in a manner not alleged in the indictment. Smith, however, did not specifically object to the trial court's instruction at trial. Consequently, he failed to properly preserve this issue for appellate review.

> Under OCGA § 17-8-58 (a), "[a]ny party who objects to any portion of the charge to the jury . . . shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. . . ." Failure to do so "shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." See [OCGA § 17-8-58 (b)]. [Smith] clearly did not conform to the requirements for preserving objections under OCGA § 17-8-58, and the issue is not properly preserved for review.

(Punctuation omitted.) *Guajardo v. State*, 290 Ga. 172, 175 (3) (718 SE2d 292) (2011).

Notwithstanding Smith's failure to preserve the issue at trial, however, we must consider whether the jury instruction constitutes plain error which affected Smith's substantial rights. See OCGA § 17-8-58 (b); *Guajardo*, supra, 290 Ga. at 175-176 (4).

> As a general rule, it is not error to charge an entire Code section even though part of the section may be inapplicable. But, when the indictment specifies the commission of a crime by only one of several methods possible under the statute, it may be reversible error to charge the entire Code section if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a manner not alleged in the indictment. Jury instructions must be read and considered as a whole however; and, when

> an entire statutory definition is given, we will not find error
> if the instructions sufficiently limit the jury's consideration
> to the elements of the offense as charged in the indictment.

(Citations omitted.) *Stephens v. State*, 255 Ga. App. 680, 684 (6) (569 SE2d 250) (2002).

Although Smith argues that there is a distinction between the terms "arrest," "confine," and "detain" in the false imprisonment statute, we need not reach this issue. Notably, the record shows that as part of the jury instructions, the trial court read the indictment to the jury, provided the indictment to the jury to aid them in their deliberations, and further instructed the jury that the State was required to prove each element of the false imprisonment offense as alleged in the indictment. Since "the trial court properly limited the elements of the crimes to those charged in the indictment, we find no error." (Citations omitted.) *Stephens*, supra, 255 Ga. App. at 685 (6); see also *Hammonds v. State*, 263 Ga. App. 5, 7 (2) (587 SE2d 161) (2003).

3. Smith further claims that the trial court's jury instructions failed to adequately define the element of "legal authority" for the false imprisonment offense. Smith, however, did not request a jury instruction on the issue. Moreover, he did not specifically object to the trial court's instructions on the issue at trial. As a result, he has waived this claim of error on appeal. See OCGA § 17-8-58 (a), (b); *Guajardo*, supra, 290 Ga. at 175 (3); *Howard v. State*, 288 Ga. 741, 743 (2) (707 SE2d 80) (2011).

Nor has Smith shown plain error pursuant to OCGA § 17-8-58 (b). Smith's defense against the false imprisonment charge was not premised upon a claim that he had legal authority to confine the victim. Rather, Smith's defense was that the victim "made the story up," and his trial testimony denied having committed any act to confine the victim. Furthermore, as explained in Division 1 above, there was no evidence supporting Smith's current claim that he was authorized to make a citizen's arrest of the victim pursuant to OCGA § 17-4-61 (a). Under these circumstances, no reversible error has been shown in the trial court's failure to separately define the "legal authority" element of the false imprisonment offense. Cf. *Howard*, supra, 288 Ga. at 743 (2) (holding that the trial court's failure to separately define simple assault, which is an essential element of aggravated assault, would not have affected the outcome of the case since the defendant's defense was mistaken identity and did not challenge the evidence showing that a simple assault had occurred); *Smith v. State*, 283 Ga. 237, 240 (3) (657 SE2d 523) (2008) (holding that the trial court did not err in failing to instruct the jury as to the defendant's defense of accident since defendant vehemently denied

having committed any act to harm the victim).

4. Lastly, Smith argues that trial counsel was ineffective in failing to object to the trial court's jury instruction based upon its inadequate definition of the "legal authority" element of the false imprisonment offense. Again, no reversible error has been shown.

> In order to prevail on an ineffective assistance of counsel claim, [Smith] must show both that counsel's performance was professionally deficient and that there is a reasonable probability that the outcome of his trial would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Reese v. State*, 289 Ga. 446, 451 (6) (711 SE2d 717) (2011). "We affirm the trial court's ruling on a defendant's claim of ineffective assistance of counsel unless that determination is clearly erroneous." (Footnote omitted.) *Wilburn v. State*, 278 Ga. App. 76, 77 (2) (628 SE2d 174) (2006).

At the hearing on Smith's motion for new trial, trial counsel testified that she did not object to the trial court's jury instruction on false imprisonment or request additional instructions defining the "legal authority" element because the defense theory was that no act of confinement occurred. Trial counsel stated that Smith had informed her that he never confined or detained the victim against her will, and that she based her trial strategy upon this information. In his trial testimony, Smith consistently maintained that he did not prevent the victim from leaving the bedroom.

Generally, decisions about which defense theories to pursue and which jury charges to request are strategic and "provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Punctuation and footnote omitted.) *Wilburn*, supra, 278 Ga. App. at 78 (2) (b); see also *Taul v. State*, 290 Ga. App. 288, 293 (4) (b) (659 SE2d 646) (2008); *Milliken v. State*, 230 Ga. App. 810, 812 (2) (b) (498 SE2d 127) (1998). In light of Smith's testimony that the victim had not been confined at all, trial counsel was not ineffective in failing to pursue jury instructions based on an inconsistent theory that Smith had in fact confined the victim, but was legally authorized to do so. Since the hearing evidence established that trial counsel made a reasonable strategic decision regarding the jury instructions matter, the instant claim for ineffective assistance of counsel fails. See *Wilburn*, supra, 278 Ga. App. at 78 (2) (b).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED MARCH 5, 2012.

*Sheueli C. Wang*, for appellant.
*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.